The FOUNDING CHURCH OF SCIEN-
TOLOGY OF WASHINGTON, D. C.,
INC., Plaintiff,

v.

F. Ray MARSHALL et al., Defendants.

Civ. A. No. 76–1131.

United States District Court,
District of Columbia.

Nov. 8, 1977.

See also, D.C., 434 F.Supp. 632.

Samuel H. Seymour, Robert A. Seefried, Washington, D.C., for plaintiff.

Karen I. Ward, Washington, D.C., for defendants.

## MEMORANDUM ORDER

(Awarding Attorney Fees and Dismissing the Proceeding)

BARRINGTON D. PARKER, District Judge.

Plaintiff, the Founding Church of Scientology of Washington, D.C., Inc., has moved for an award of attorney fees and expenses in this Freedom of Information Act litigation and, after resolution of that issue, for voluntary dismissal of this action against the Secretary and Department of Labor. The question presented is whether the Court should exercise the broad discretion accorded it by 5 U.S.C. § 552(a)(4)(E) and grant the requested award. After considering the papers and affidavits submitted by the parties, as well as the record in this case, the Court concludes that plaintiff's motion for attorney fees and expenses should be granted, although in an amount less than that requested. Having thus disposed of the sole remaining issue in this litigation, plaintiff's motion for voluntary dismissal should also be granted.

I

On November 22, 1974, the Founding Church of Scientology of Washington, D.C., Inc. ("Church") submitted a request pursuant to the Freedom of Information Act ("FOIA" or "Act"), 5 U.S.C. § 552, for all documents in the possession of the Department of Labor ("Department") relating to the activities or operations of Scientology. After some preliminary correspondence between the Church and the Department concerning the scope of the FOIA request, the Department formally notified the Church that it was unable to respond without further information. Pursuant to an administrative appeal, the Church obtained the release of several hundred pages of material. However, the Department continued to withhold certain documents in their entirety and made deletions in others. The withheld documents consisted of a routing slip, a secretarial referral card, and a note to file; the deletions were of notations and signatures identifying the author of the letter or memorandum, the typist, the person who signed off on it, and those who were to receive carbon copies of it.[1] In

---

1. Defendant's Opposition to Plaintiff's Motion for an Award of Attorneys Fees and Expenses ("Def. Opp."), Exhibit A. It appears that the Department made an effort to inform the Church of what material would be withheld. Def. Opp., Exhibit B (Affidavit of Miriam McD. Miller) at 4–5. While such efforts are commendable, they do not in themselves constitute compliance with the Act.

withholding this material, the Department relied primarily upon exemptions two and five of the Freedom of Information Act.[2]

On June 18, 1976, the Church filed suit to compel disclosure of the withheld material, alleging that the statutory exemptions were inapplicable. After an unsuccessful attempt by the Department to dismiss the action, the Church filed a first set of interrogatories. The Department indicated in its answer that it had reconsidered its position with respect to the deletions and withheld documents. While still arguing that the materials were within the scope of the claimed exemptions, the Department determined that release of the information would not harm the Department or the public interest.

The subsequent release of the material did not signal the end of this litigation. Instead, the Church, concerned that some documents in the Department's possession had been destroyed or not located, filed a second set of interrogatories.[3] After the Department filed its response to those ques-

tions, the Church filed the present motion for attorney fees and expenses and for voluntary dismissal of this action.[4]

## II

■ The parties do not dispute the power of the Court to award attorney fees and expenses in this action. It is well-settled that 5 U.S.C. § 552(a)(4)(E)[5] permits an award in a situation where the agency renders the litigation moot by releasing the requested material. The only requirement is that the movant "substantially prevail," which he may do by causing the release of the information through litigation. *Nationwide Building Maintenance, Inc. v. Sampson,* 559 F.2d 704 (D.C.Cir. 1977); *Cuneo v. Rumsfeld,* 553 F.2d 1360 (D.C.Cir. 1977); *Vermont Low Income Advocacy Council, Inc. v. Usery,* 546 F.2d 509 (2d Cir. 1976); *Goldstein v. Levi,* 415 F.Supp. 303 (D.D.C. 1976).

In the present case, the Church has substantially prevailed. When the Department refused to release all of the requested mate-

---

**2.** 5 U.S.C. § 552(b) provides in part,

> (b) This section does not apply to matters that are—
>
> .    .    .    .    .
>
> (2) related solely to the internal personnel rules and practices of an agency;
>
> .    .    .    .    .
>
> (5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.

Although the Department also relied upon exemption six for its withholding of two documents, those documents were destroyed prior to the release of the other material involved in this litigation. *See* note 3, *infra*; Defendant's Answer to Plaintiff's First Set of Interrogatories at 11–12, 18–20. Exemption six, relating to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(6), is not applicable to any of the released material and, since the Church has apparently given up any claim to material for which the exemption was claimed, *see* Motion for an Order Awarding Fees and Expenses to Plaintiff and Dismissing this Action, the validity of exemption six in this case is not now before the Court.

**3.** The Church's concern derived from a statement contained in the letter notifying the

Church of the decision by the Department to release the remainder of the material. The letter, from William J. Kilberg, Solicitor of Labor, stated that "some of the documents contained in the Church of Scientology file have been destroyed as they were either not related to the Church of Scientology or were no longer needed by the Department and were obtainable from other sources." Def. Opp., Exhibit A.

**4.** The Department argues that the motion to dismiss filed by the Church indicates that the Church was satisfied by the answers given to the second set of interrogatories. Def. Opp. at 6. The Church responds that the answers did not resolve the matter of destruction of documents to the Church's satisfaction, but only failed to provide sufficient evidence upon which to proceed further. Memorandum of Points and Authorities filed August 8, 1977, in connection with Plaintiff's Supplemental Motion for an Order Awarding Fees and Expenses to Plaintiff and Dismissing this Action, at 5.

**5.** § 552(a)(4)(E) provides,

> The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

rial the Church was forced to institute this action to compel release. There is no indication that the Department would have released the material absent the litigation efforts of the Church.[6]

■ The Court is concerned, however, with the conduct of the Church after release of the withheld material. The time and expense relating to the second set of interrogatories can hardly be said to have had any causative effect on the prior release of the information. A finding that the movant has substantially prevailed in its FOIA litigation by obtaining the release of withheld material does not guarantee recovery for all related fees and expenses, irrespective of their causative relationship with the release of the information. *Vermont Low Income Advocacy Council, Inc. v. Usery, supra* at 513. The Court concludes that the efforts expended by the Church after the release of the withheld material, except those directed toward obtaining an award of attorney fees and expenses,[7] cannot be considered in any possible award of fees and expenses in this action.

### III

■ To find that the movant has substantially prevailed in its FOIA litigation only initiates the analysis of whether an award of attorney fees and expenses should be made. Certain factors influence the exercise of judicial discretion under § 552(a)(4)(E), including: (1) the public benefit; (2) the commercial benefit to the complainant; (3) the nature of the complain-

ant's interest in the records sought; and (4) the reasonableness of the government's legal basis for withholding the material. *Nationwide Building Maintenance, Inc. v. Sampson, supra* at 712.

Despite the Department's assertion that the Church is a large corporate entity, there is no indication whatsoever that the Church would derive any commercial benefit from the release of the information. The factors of public benefit and the complainant's interest seem to be slightly in the Church's favor in light of the involvement, albeit minimal, of religious freedom considerations. Since none of these factors argue strongly for granting or denying the award, the Court must turn to the determinative question of whether the Department acted reasonably in withholding the material.[8]

The Department urges that the withheld material was covered by the claimed exemptions. The Church responds that the burden of showing the exempt character of the material is on the government and that no attempt has been made to fulfill that burden. Although the released documents are available for the Court's determination of the validity of the exemptions, the Court must decline the invitation to rule explicitly on the very issues mooted by the release of the information in this case. Instead, the Court considers the material only insofar as it may disclose a reasonable basis for the Department's withholding.

■ As noted, the deletions made by the Department consisted of notations and signatures which could identify persons

---

6. Thus, this case is distinguishable from *Vermont Low Income Advocacy Council, Inc. v. Usery,* 546 F.2d 509 (2d Cir. 1976), where the agency attempted to comply with the FOIA request, but was unable to do so because of excusable delay. As soon as the agency was able to comply, it turned over the requested information. The suit pending against the agency had no effect on release of the information.

7. The statute, in specifically authorizing an award of attorney fees and expenses, contemplates an expenditure of time and expense in obtaining it. Allowing recovery of such expenditures furthers the "fundamental purpose of section 552(a)(4)(E) to facilitate citizen ac-

cess to the courts to vindicate their statutory rights." *Nationwide Building Maintenance, Inc. v. Sampson,* 559 F.2d 704, 715 (D.C.Cir. 1977). No similar effect would result from including in an award efforts such as those made in connection with the second set of interrogatories propounded by the Church in this case.

8. In *Nationwide,* the Court noted that "if the government only establishes that it had a reasonable basis in law for resisting disclosure it may be proper to deny a FOIA plaintiff's motion for attorney fees unless other factors affirmatively justify such an award." 559 F.2d at 712 n.34.

within the Department who had been involved with documents concerning Scientology. Identities of personnel, however, are usually not exempt in themselves, *cf. Ditlow v. Shultz*, 170 U.S.App.D.C. 352, 517 F.2d 166 (1975) (exemption six), *Getman v. N.L.R.B.*, 146 U.S.App.D.C. 209, 450 F.2d 670, 675 (1971) (exemption six), but only insofar as they fall within a valid exemption for the document of which they are a part, *Tax Reform Research Group v. I.R.S.*, 419 F.Supp. 415, 423–24 (D.D.C.1976). A perusal of the documents in which deletions were made discloses nothing which would exempt those documents under either exemption two or five. *See Vaughn v. Rosen*, 173 U.S.App.D.C. 187, 523 F.2d 1136 (1975). Of the documents which were completely withheld, not one appears to include information actually involved in the deliberative process of the Department as required by the claimed exemption five. *Id.*

In view of the above, the Court concludes that the Department's legal basis for withholding the materials was not reasonable in relation to the exemptions claimed. In reaching this conclusion, the Court notes that neither party presented cogent arguments as to why the exemptions were valid or invalid. However, in order to effectuate the purpose of § 552(a)(4)(E) to "facilitate citizen access to the courts to vindicate their statutory rights," the Court must be wary of a "grudging application of this provision, which would dissuade those who have been denied information from invoking their right to judicial review." *Nationwide Building Maintenance, Inc. v. Sampson, supra* at 715. Exercising the broad discretion accorded by statute, in light of the circumstances of this case, the Court concludes that an award of attorney fees and expenses should be made.

IV

The Church requests an award of $5,370 in attorney fees and $238.09 in litigation expenses. The affidavit of counsel indicates that 84.5 hours have been spent on this litigation to date and that another five hours would be expended in completing this litigation, for a total of 89.5 hours.[9] Subtracting the amount of time expended after the release of the withheld materials, the Court determines that the compensable time totals 78.25 hours.[10] Since the requested rate of $60 per hour is reasonable, *cf. American Federation of Government Employees v. Rosen*, 418 F.Supp. 205 (N.D. Ill.1976), the total attorney fee award is $4,695. The Court also determines that the requested expenses are reasonable, with the exception of amounts claimed for post-release efforts, and therefore awards a total of $221.34 for expenses incurred in this litigation.

V

Accordingly, it is this 8th day of November, 1977,

ORDERED that plaintiff's motion for an award of attorney fees and expenses incurred in this Freedom of Information Act litigation is granted and that defendants shall pay plaintiff the sum of Four Thousand Nine Hundred and Sixteen Dollars and Thirty-Four Cents ($4,916.34) for such fees and expenses; and it is

---

**9.** Supplemental Affidavit of Robert A. Seefried, filed August 8, 1977.

**10.** The Court notes that a substantial amount of time and expense was expended solely in the effort to obtain attorney fees. While the Court recognizes such efforts as compensable, *see* note 7, *supra*, only so much as is necessary to clearly present the issues to the Court will be allowed. In this case, the issue of an award was hotly contested with each party filing several papers directed to the question. The Court finds that each pleading filed by the Church was reasonably required to present its position to the Court or, in some instances, to respond to an assertion made by counsel for the Department.

The Court wishes to indicate that it is particularly disturbed with the conduct of the Department in referring to a criminal matter in which the Church is involved. *See* Defendant's Supplemental Opposition to Plaintiff's Motion for an Award of Attorneys Fees and Expenses. The Department's assertion that the *alleged* criminal activity of the Church in that matter is relevant to the present proceeding for an award of attorney fees and expenses under the Act must be and is flatly rejected.

FURTHER ORDERED that plaintiff's motion for voluntary dismissal of this action pursuant to Rule 41, Federal Rules of Civil Procedure, is granted and this action is dismissed.