EDUCATION/INSTRUCCION, INC.,
Plaintiff, Appellant,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al., Defendants, Appellees.

No. 80–1573.

United States Court of Appeals,
First Circuit.

Argued March 5, 1981.
Decided May 12, 1981.

Charles R. Capace, Boston, Mass., for appellant.

Paul E. Troy, Asst. U. S. Atty., Boston, Mass., with whom Edward F. Harrington, U. S. Atty., and Anna M. Scricca, Atty. Adviser, Dept. of Housing and Urban Development, Boston, Mass., were on brief, for appellee.

Before CAMPBELL, BOWNES and BREYER, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Education/Instruccion, Inc. (E/I) sued the Department of Housing and Urban Development (HUD) with some eventual success under the Freedom of Information Act. It then requested the district court to award it attorney fees and costs of $9,160.62. *See* 5 U.S.C. § 552(a)(4)(E). The court, D.C., 87 F.R.D. 112, allowed fees of only $2,500, and E/I now appeals from the award.

I.

The underlying FOIA case is set out in the district court's opinion, *Education/Instruccion, Inc. v. HUD*, 471 F.Supp. 1074 (D.Mass.1979). In July and August 1976, E/I requested HUD to disclose a variety of documents relating to a "compliance review" of the Boston Housing Authority then being conducted by the agency's regional office in Boston. Begun in 1975 and completed in October 1977, the compliance review was intended to ensure that the Housing Authority, a recipient of HUD financial assistance, "was designing and implementing programs to promote equal opportunity for all persons as mandated by Title VI of the Civil Rights Act of 1964." *Education/Instruccion*, 471 F.Supp. at 1075. After first refusing to disclose, HUD provided some disclosure on November 18, 1976. Dissatisfied, E/I thereupon sued HUD under the Freedom of Information Act, 5 U.S.C. § 552, seeking access to nine additional documents. Document (i), withheld in full, was the findings and recommendations section of the compliance review report. Documents (ii) through (vi) were letters exchanged by HUD and the Housing Authority from which references to document (i) had been excised prior to their release to E/I on November 18, 1976. Documents (vii) through (ix), withheld in their entirety, were memoranda exchanged by HUD's Boston and Washington offices discussing the Housing Authority's noncompliance with Title VI and setting forth enforcement plans.

On May 5, 1977, E/I and HUD stipulated that HUD would provide E/I with a detailed explanation of its refusal to disclose the nine documents, "including an itemization which would correlate specific statements of justification with the corresponding portions of the requested documents." *Education/Instruccion*, 471 F.Supp. at 1076. On June 7, 1977, HUD submitted an affidavit from Edward Pollack, its Acting Assistant Regional Administrator for Fair Housing Equal Opportunity, claiming that documents (i) through (vi) were exempt from

disclosure as "investigatory records compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7), and that documents (vii) through (ix) were exempt as "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency," 5 U.S.C. § 552(b)(5). Nothing more happened (other than an appearance by E/I's counsel on December 20, 1977 to set a trial date) until September 8, 1978, when E/I moved for summary judgment. Approximately two months later, on November 13, 1978, HUD filed its own motion for summary judgment accompanied by seven pages of document (i) and all of documents (ii) through (vi). The agency explained that it was releasing the documents because the compliance review of the Housing Authority had been completed. On the basis of information in the newly released documents, E/I obtained in their entirety documents (i) and (viii) from a source other than HUD. Thus, by the end of November 1978, E/I was in possession of full copies of all requested documents save (vii) and (ix).

On June 21, 1979, the district court issued its opinion in the case. *Education/Instruccion*, 471 F.Supp. 1074. The court determined that HUD's release on November 13, 1978 of seven of the nine documents originally sought had not rendered the case moot as to them, and so went on to decide HUD's exemption defenses with respect to each of the documents covered by the suit. As to document (i), the findings and recommendations portion of the compliance review report on the Housing Authority, the court ruled that even if it were an investigatory record "compiled for law enforcement purposes" within the scope of 5 U.S.C. § 552(b)(7), it was not exempt from disclosure because its release would neither have harmed the government's case against the Housing Authority nor deprived the Housing Authority of a fair trial or an impartial adjudication. 471 F.Supp. at 1078. This determination also disposed of the agency's claim that documents (ii) through (vi) were exempt under 5 U.S.C. § 552(b)(7) insofar as they referred to document (i). The district

court ruled that documents (vii) through (ix), memoranda exchanged by HUD's regional and Washington offices in connection with the compliance review, were exempt from disclosure as "inter-agency or intra-agency memorandums or letters" within the purview of 5 U.S.C. § 552(b)(5). 471 F.Supp. at 1079–81. However, the court found that by disclosing document (viii) to either the Housing Authority or a Master in an unrelated case involving the Housing Authority sometime in 1976, HUD had waived the exempt status of document (viii). 471 F.Supp. at 1081–82.

E/I then moved for an award of attorney fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E), supporting its motion with an itemization of expenses and attorney time. It requested $9,061 for 106.6 hours of attorneys' work compensated at $85 per hour and $99.62 for miscellaneous expenses. In a lengthy memorandum issued June 25, 1980, the district court granted $2,500. The court ruled that E/I had "substantially prevailed" in its case against HUD and so satisfied the statutory precondition to an award of attorney fees and costs. 5 U.S.C. § 552(a)(4)(E). It went on to say "that some public benefit was derived from plaintiff's endeavor and that in bringing about that public benefit plaintiff was not motivated by personal or commercial considerations." However, the court refused to award any fees for E/I's efforts to obtain documents (vii) through (ix), since documents (vii) and (ix) had been properly withheld, *see* 471 F.Supp. at 1081, and HUD had reasonably, if incorrectly, believed that document (viii) was likewise exempt from disclosure. Because the court felt that HUD had a reasonable basis in law for refusing to disclose documents (i) through (vi) only until it completed its compliance review of the Housing Authority in October 1977, it awarded E/I "a portion of its claimed attorney's fees and costs which relate to its attempt to recover each of those six documents." In addition to fees and costs incurred by E/I after October 1977 in relation to documents (i) through (vi), which E/I obtained in November 1978, the court

awarded E/I "a portion of those expenses incurred in attempting to recover reasonable fees and costs." The court concluded,

Based on all the foregoing and considering the criteria outlined in *King v. Greenblatt*, 560 F.2d 1024 (1st Cir. 1977), *cert. denied*, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978), I find and rule that an award of fees and costs in the amount of $2,500 is reasonable and appropriate in this case.

E/I now argues that the district court erred in its ruling upon the reasonableness of HUD's refusal to disclose the nine documents at issue and that, in any event, the court weighed this factor too heavily in calculating an award. Finding no abuse of discretion, we affirm.

## II.

■ An award of attorney fees under the FOIA is a matter for the sound discretion of the trial court. *See Nationwide Building Maintenance, Inc. v. Sampson*, 559 F.2d 704, 713–14 (D.C.Cir.1977); Conference Rep. No. 1200, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News 6285, 6288. In *Crooker v. United States Department of Justice*, 632 F.2d 916 (1st Cir. 1980), we outlined the manner in which this discretion is to be exercised:

In ruling upon any request under section 552(a)(4)(E), a district court should first determine whether a party has in fact "substantially prevailed." . . . Second, if the court determines that a complainant has "substantially prevailed," it must consider whether the suit was of the type that advanced the policy considerations of the Act, which include: "the benefit to the public deriving from the case, the commercial benefit to the complainant and the nature of his interest in the Federal records sought, and whether the Government's withholding of the records sought had a 'reasonable basis in law.' " *See* Conf.Rep.No.1200, *supra*. *See also Nationwide Bldg. Maintenance, Inc. v. Sampson*, 559 F.2d 704, 712–13 (D.C.Cir.1977). If it is satisfied that these and any other relevant factors are

met, the court will then consider the amount of the award, whether it be attorney fees, costs or both.

632 F.2d at 922. *See also Chamberlain v. Kurtz*, 589 F.2d 827, 842–43 (5th Cir.), *cert. denied*, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979); *Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir. 1978); *Cuneo v. Rumsfeld*, 553 F.2d 1360 (D.C.Cir.1977).

■ In the present case, the district court expressly based its award on all the factors mentioned in *Crooker*, and did not, as claimed by E/I, consider the reasonableness of the government's withholding to the exclusion of any other factors. *Compare Blue*, 570 F.2d at 534. On the one hand, the court found that E/I was not motivated by personal interest or commercial benefit. On the other hand, it determined that only "some" public benefit resulted from E/I's endeavor, and that, for the most part, the government acted reasonably. In these circumstances, and having determined that HUD acted unreasonably only in withholding documents (i) through (vi) and then only for the period from October 1977 through November 1978, the district court did not exceed the scope of its discretion in limiting its award of fees and costs to efforts expended by E/I in regard to those six documents during that 13-month period. Illustrating how a court might exercise its discretion under the attorney fees provision of the FOIA, the Senate Judiciary Committee suggested that "a court would not award fees where the government's withholding had a colorable basis in law." S.Rep.No. 854, 93d Cong., 2d Sess. 19 (1974), *quoted in Nationwide Building Maintenance*, 559 F.2d at 712. *Accord Nationwide Building Maintenance*, 559 F.2d at 712 n.34; *Founding Church of Scientology v. Marshall*, 439 F.Supp. 1267, 1270 & n.8 (D.D.C.1977). The district court was also entitled to modify E/I's award request further in light of the factors laid down in *King v. Greenblatt*, 560 F.2d 1024 (1st Cir. 1977), *cert. denied*, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978), although we would have preferred a more specific breakdown of the figures and the bases for the court's calculations.

■ As to the court's assessment of the reasonableness of HUD's refusal to disclose, we believe that the district court supportably determined first, that until October 1977, when its compliance review was completed, HUD had a reasonable basis for withholding documents (i) through (vi), and second, that HUD had a reasonable basis for withholding documents (vii) through (ix) despite having previously disclosed document (viii) to an outside party. To have a reasonable basis in law, an agency's ground for withholding a document need not be ultimately vindicated in court, *see Cuneo*, 553 F.2d at 1365; *Kaye v. Burns*, 411 F.Supp. 897, 904 (S.D.N.Y.1976). The withholding must, however, have "a colorable basis in law," and not appear designed "merely to avoid embarrassment or to frustrate the requester." S.Rep.No.854, *supra*, at 19. *See also Chamberlain*, 589 F.2d at 843; *Kaye*, 411 F.Supp. at 904. We have examined the governing law as it stood during the time HUD refused to disclose the documents sought by E/I, taking special notice of *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978), the Supreme Court's first major treatment of 5 U.S.C. § 552(b)(7), the source of one of the exemptions claimed by HUD. We have also considered HUD's own regulations and policies concerning compliance reviews. Finally, we have looked to the arguments offered by HUD for refusing to disclose the documents at issue. We believe the district court was justified in finding that HUD's withholding had a reasonable basis. In this regard, we note that E/I, as well as the district court itself, spoke on several occasions of the novelty and difficulty of the issues raised in this suit.

■ While E/I now claims HUD acted in bad faith, we do not believe the district court was required, on the facts before it, to find that the agency had tried "to avoid embarrassment or thwart the requester." S.Rep. 854, *supra*, at 19. Within three months of E/I's original request for disclosure of three broad categories of documents, HUD reviewed and partially reversed its outright refusal of the request. It continued to withhold only those docu-

ments which it had a colorable legal basis for considering exempt from disclosure. In its initial denial of E/I's request, HUD stated that "[u]pon completion of the Title VI Administrative process we will be pleased to make all of the requested material available to you." To be sure, the agency did not release the requested documents for thirteen months after its compliance review was completed in October 1977, but E/I's FOIA suit had lain dormant from June 7, 1977 until September 8, 1978. The agency released virtually all nonexempt documents within two months of E/I's moving for summary judgment. Finally, the district court denied E/I's motion, filed pursuant to 5 U.S.C. § 552(a)(4)(F), for a written finding "that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously." Denial of the motion was warranted on this record.

Weighing the manifold factors relevant to an award of attorney fees and litigation costs is a task best performed by the court most intimate with the case. Our review is accordingly limited to ensuring that the district court's broad discretion in awarding fees under the FOIA is not abused. We find no such abuse here.

*Affirmed.*