**Stephen KOHN, Plaintiff,**

v.

**FEDERAL BUREAU OF INVESTIGA-TION, et al., Defendants.**

Civ. A. No. 82–2076–C.

United States District Court, D. Massachusetts.

March 21, 1984.

Judith E. Somberg, Johnson, Somberg & Ross, Jamaica Plain, Mass., for plaintiff.

Asst. U.S. Atty. Ralph Child, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought under the Freedom of Information Act, 5 U.S.C. § 552, against the Federal Bureau of Investigation ("FBI"), William H. Webster, its director, Attorney General William F. Smith, the United States Department of Justice, its Criminal Division and Robert Mueller, Director of the Criminal Division of the United States Department of Justice. On December 9, 1982, plaintiff filed notice of voluntary discontinuance of this lawsuit under Fed.R.Civ.P. 41(a)(1)(i). The case is now before the Court on plaintiff's motion for an award of attorney's fees and costs.

It is well settled that an award of attorney's fees under 5 U.S.C. § 552(a)(4)(E) is a matter not of *right* but a matter for the sound discretion of the district court. *Education/Instruccion, Inc. v. Dept. of Housing and Urban Dev.*, 649 F.2d 4, 7 (1st Cir.1981). It is also well settled law that to establish eligibility for an award, plaintiff must show that he *substantially prevailed* in the case. 5 U.S.C. § 552(a)(4)(E); *Crooker v. Dept. of Justice*, 632 F.2d 916, 918 (1st Cir.1980).

I find the relevant facts in this case to be as follows: For a period of approximately two years before filing suit in this Court, plaintiff sought access to certain documents and a waiver of fees from the FBI and the Criminal Division of the Justice Department. On July 20, 1982, plaintiff filed suit in this Court, seeking an order that the FBI turn over to him free of charge some 5,500 pages and that the Criminal Division of the Department of Justice turn over to him some 14,000 pages of documents. Plaintiff also sought a refund of $136.20 paid by him to the FBI. Plaintiff alleged no illegality or violation of FOIA. Roughly two months after plaintiff commenced this suit, the Office of Privacy and Information Appeals ("OPIA") granted plaintiff access to all of the documents plaintiff had requested from the FBI and it granted a partial waiver of fees.

Counsel for defendants asserted without contradiction, both in his memorandum of law filed March 3, 1983, and at oral argument on November 10, 1983, that he had been prepared to file a motion for summary judgment on or before December 8, 1982. Plaintiff served notice of voluntary dismissal under Rule 41(a)(1)(i) on December 7, 1982, in order to prevent litigation on the merits.

Plaintiff now claims that he has substantially prevailed in this action, because his filing this suit caused defendants to accede to his requests. He relies primarily on the fact that despite the defendants' failure to comply with his request for two years before plaintiff filed suit, defendants complied with his request only two months after he filed suit.

Under these circumstances, the government must "demonstrate[ ] that the complainant's success in obtaining the requested documents was due more to its responsible compliance with the provisions of the [FOIA] than to the complainant's pending suit." *Crooker v. Dept. of Justice*, 632 F.2d at 919. I rule that the government has in fact shown that its decision to produce the documents was the result of its reasonable compliance with the FOIA and was not necessitated or substantially caused by plaintiff's filing suit.

I find that the affidavits of Sherry L. Davis and Richard L. Huff accurately identify the relevant correspondence between plaintiff and defendants and accurately recite the chronology of this controversy. I find that the affidavits on file show that

plaintiff was informed as to the status of his requests several times prior to his filing suit both by letters on file and by telephone conversations, and that this suit was commenced when plaintiff was well aware the agencies were about to process his requests. I find on the basis of the Huff affidavit that plaintiff's request was under active consideration by the government at the time plaintiff filed this suit, and that final disposition of this matter was neither expedited nor otherwise advanced by the filing of this lawsuit. Moreover, I find on the basis of the affidavit of Douglas S. Wood that plaintiff's requests for documents to the Criminal Division had not yet been decided when plaintiff moved for voluntary dismissal, and I find that they had not been decided at the time of the last filing in this case. I find that the Freedom of Information/Privacy Act Unit of the Criminal Division of the Justice Department has been processing 26 project requests filed prior to plaintiff's and I find that plaintiff's requests necessitate that apparently understaffed unit to examine 14,000 pages of documents in order to determine whether or not to grant his request. For those reasons, I rule that plaintiff has not substantially prevailed in its attempt to recover documents from the Criminal Division.

The government's filings show that neither the FBI, the Criminal Division, nor the OPIA had refused plaintiff's request prior to his filing suit. The OPIA had, in fact, given every indication that action would be taken soon on plaintiff's request. Under these circumstances, it is not sufficient for the plaintiff to rely on the classical aphorism *post hoc ergo propter hoc. Cox v. Department of Justice*, 601 F.2d 1, 6 (D.C. Cir.1979).

If an appeal is taken and an appellate court is persuaded that a fee should be awarded to plaintiff, I find that the affidavit of plaintiff's attorney and related papers show the amount claimed is excessive and should be carefully examined in the event of a remand.

Having in mind that no hearing of any kind was held either on the merits of the case or on any pretrial discovery issue, and that no action was taken by the Court with reference thereto before plaintiff filed his motion of voluntary dismissal on December 9, 1982. I rule that, both as a matter of law and as a matter of discretion, plaintiff has failed to show that he is entitled to recover a legal fee against these defendants.

Order accordingly.