BANGOR HYDRO–ELECTRIC
COMPANY, Plaintiff,

v.

UNITED STATES DEPARTMENT OF
THE INTERIOR, Defendant.

Civ. No. 94–0173–B.

United States District Court,
D. Maine.

Nov. 6, 1995.

Frederick S. Samp, Bangor, Maine, for Plaintiff.

William J. Madden Jr., Winston & Strawn, Washington, D.C., Gail Fisk Malone, U.S. Attorney's Office, Bangor, Maine, for Defendant.

## ORDER AND MEMORANDUM OF DECISION

BRODY, District Judge.

On April 17, 1995, the Court ordered Defendant to release eight documents to Plaintiff pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.[1] The documents pertained to relicensing proceedings for one of Plaintiff's hydro-electric projects. Under FOIA, "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Plaintiff now petitions this Court for an award of litigation costs and attorney fees. For the following reasons, the Court denies Plaintiff's Application for Litigation Costs and Attorney Fees.

### Discussion

■ Awards of litigation costs and attorney fees under FOIA are left to the sound discretion of the trial court. *Aronson v. United States Department of Housing and Urban Development,* 866 F.2d 1, 2 (1st Cir. 1989) (quoting *Education/Instruccion, Inc. v. United States Department of Housing and Urban Development,* 649 F.2d 4, 7 (1st Cir. 1981)). That discretion, however, is not unfettered. *See id.* at 2–3. To award costs and fees, a trial court must determine that the plaintiff "substantially prevailed" in the underlying litigation, and that a balancing of four equitable factors supports such an award. *Maynard v. C.I.A.,* 986 F.2d 547, 568 (1st Cir.1993) (citing *Crooker v. United States Parole Commission,* 776 F.2d 366, 367 (1st Cir.1985)). The four equitable factors are: "(1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law." *Aronson,* 866 F.2d at 3 (quoting *Crooker,* 776 F.2d at 367). Defendant concedes that Plaintiff substantially prevailed in the litigation. The Court, therefore, will examine the four equitable factors.

### 1. The Benefit to the Public deriving from Plaintiff's Action

■ Plaintiff asserts a three-fold public benefit deriving from the success of this litigation. First, Plaintiff contends that procurement of the documents will allow it to secure more advantageous relicensing terms for the benefit of its ratepayers. Second, Plaintiff contends that this action will allow other utilities to easily acquire similar documents for the benefit of those utilities' ratepayers. Finally, Plaintiff argues that as a result of this action, federal agencies will no longer succeed in withholding such documents from public scrutiny, for the benefit of "all members of the public that are affected by actions taken by the federal government."

---

1. A full statement of the facts and disposition of the underlying case can be found at Civ. No. 94– 0173–B, Order of April 17, 1995, Docket Entry 26.

(Pl.'s Mot. Costs and Fees at 6.) Defendant disputes Plaintiff's assertion that its ratepayers benefit from this action. More fundamentally, Defendant argues that this is not the type of public benefit envisioned by FOIA. Defendant contends that Plaintiff pursued this matter strictly for its own commercial advantage in the relicensing proceedings, and not to vindicate some larger public interest.

■ The Court is persuaded that Plaintiff's success in this case will not result in the type of significant public benefit that FOIA, as interpreted by the First Circuit, envisions. *See Aronson*, 866 F.2d at 3; *Crooker*, 776 F.2d at 367. The Court recognizes that by definition a successful FOIA plaintiff always confers some degree of benefit on the public by bringing the government into compliance with FOIA and securing for society the benefits assumed to flow from the disclosure of government information. *Crooker*, 776 F.2d at 367. That general benefit alone, however, does not necessarily support an award of litigation costs and attorney fees. The First Circuit has upheld cost and fee awards when plaintiffs' FOIA actions confer a "potential benefit to many individuals on an issue of importance to society as a whole" *Crooker*, 776 F.2d at 368, or when those actions further "FOIA's goals of the exposure of agency action to public inspection and oversight." *Aronson*, 866 F.2d at 3. Any advantage gained by this action will accrue primarily to Plaintiff, who will use it in an effort to secure low customer rates. Thus, any public benefit deriving from this action will at most indirectly impact a small subset of the public, namely, Plaintiff's customers. Plaintiff's successful FOIA action will not have any significant, widespread public impact on issues of importance to society as a whole. *See Crooker*, 776 F.2d at 368.

### 2. Commercial Benefit to Plaintiff

■ Plaintiff contends that it gains no commercial benefit from this action, because, under "traditional regulatory principles,"

Plaintiff would pass any such commercial gain on to its ratepayers. (Pl.'s Mot. Costs and Fees at 6.) Plaintiff further asserts that any commercial gain realized because of this action does not necessarily bar an award of litigation costs and attorney fees. Defendant responds that release of the disputed documents provides Plaintiff with a purely commercial benefit, since Plaintiff sought the documents solely to improve its position in the relicensing proceedings.

■ The relevance of Plaintiff's commercial gain to an award of litigation costs and attorney fees can be linked to the scope of the public benefit Plaintiff's action confers. *See Aronson*, 866 F.2d at 3. In *Aronson*, for example, the fact that the plaintiff would realize commercial gain from release of the information did not negate the significant benefit the plaintiff's action conferred on the public. *See id.* The public benefit in *Aronson*, however, derived from the disbursement of $52 million to citizens whom the government owed, which would not likely have been distributed in the absence of the plaintiff's FOIA request. *Id.* at 3. As indicated, Plaintiff in this case confers no such benefit on the public by its action. Instead, the most significant benefit that might derive from this action will be commercial in nature and will accrue to Plaintiff. In passing that benefit on to its ratepayers, should Plaintiff do so, Plaintiff will simply be serving its clientele, in whom Plaintiff has a significant commercial interest. Plaintiff correctly points out that commercial gain does not necessarily disqualify Plaintiff for an award of litigation costs and fees. In this case, however, as opposed to *Aronson*, no significant public benefit counter balances Plaintiff's potential commercial gain.[2] *See* 866 F.2d at 3.

### 3. Nature of Plaintiff's Interest in the Records Sought

■ Plaintiff asserts that it sought the documents in order to better contest the Department of the Interior in the relicensing

**2.** In addition, the First Circuit has approved of language in the Senate Report accompanying FOIA, which states "court[s] would usually allow recovery of fees where the complainant was indigent or a nonprofit public interest group ... but would not if it was a large corporate interest." *Crooker*, 776 F.2d at 368 (quoting S.Rep. No. 854, 93rd Cong., 2d Sess. (1974)). Plaintiff is a large corporate interest conferring at best a limited public benefit through its FOIA action.

proceedings, and that its interest was neither frivolous nor commercial. Defendant contends that Plaintiff's interest was strictly commercial. The Court agrees that Plaintiff's interest in the documents was not frivolous. As indicated, however, the Court has determined that any benefit deriving from Plaintiff's action is essentially commercial and will accrue to Plaintiff. *See Crooker,* 776 F.2d at 368 (third equitable factor closely related to second). Plaintiff sought the documents to assist it in a battle over license terms, and not to vindicate a significant public interest. The Court concludes that the nature of Plaintiff's interest in this matter was largely commercial.

4. *Reasonable Basis in Law for Withholding the Documents*

Citing First Circuit precedent relating to the application of FOIA exemptions in similar cases, Plaintiff argues that Defendant had no reasonable basis in law for withholding the documents. Plaintiff points to Defendant's voluntary dismissal of its appeal as further evidence of the lack of a legal basis for withholding the documents. Defendant responds that it had a colorable basis in law and did not engage in recalcitrant or obdurate behavior in dealing with Plaintiff's request. Defendant also points out that it released the documents promptly after dismissing its appeal.

The government need not have prevailed in court in order to have a reasonable basis in law for withholding documents. *Education/Instruccion, Inc.,* 649 F.2d at 8. Instead, the withholding of documents must have a colorable basis in law and must not appear designed merely to avoid embarrassment or to frustrate the requester. *Id.* Although Defendant did not prevail in court, the Court does not conclude that Defendant lacked a reasonable basis in law for initially withholding the documents. In June of 1995, after granting Summary Judgment against Defendant and ordering release of the documents, this Court stayed that order pending Defendant's appeal to the First Circuit. The

Court specifically noted that "[t]he case involves serious legal issues and there is potential merit in the government's case on appeal." (Civ. No. 94–0173–B, Report of Telephone Conference of Counsel of June 21, 1995 at 2.) In other words, this Court has already concluded that Defendant's withholding had a reasonable basis in law.

Conclusion

The Court determines that Plaintiff's success in this action will not confer a public benefit of the type envisioned by FOIA. Instead, both the benefit deriving from this action as well as the nature of Plaintiff's interest in this action are primarily commercial and will largely accrue to Plaintiff. Finally, the Court concludes that Defendant had a reasonable basis in law for withholding the documents in response to Plaintiff's initial request. Based on a balancing of the four equitable factors, the Court concludes that Plaintiff has failed to establish that it merits an award of litigation costs and attorney fees.[3]

Wherefore, the Court

(1) *DENIES* Plaintiff's application for attorney fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

(2) *DENIES* Defendant's Motion to Strike Plaintiff's Reply Memorandum.

*SO ORDERED.*

---

**3.** Defendant also moves for this Court to strike Plaintiff's Reply Memorandum in this Motion on the grounds that Plaintiff raises issues that go beyond the information set forth in Defendant's Response Memorandum. *See* Local Rule 19(d). The Court denies Defendant's Motion to Strike.