Nickolas P. CHILIVIS,
Plaintiff-Appellant,

v.

SECURITIES AND EXCHANGE
COMMISSION, et al.,
Defendants-Appellees.

No. 81–7387.

United States Court of Appeals,
Eleventh Circuit.

April 23, 1982.

Powell, Goldstein, Frazer & Murphy, Gary G. Grindler, Thomas D. Harper, Atlanta, Ga., for plaintiff-appellant.

Michael K. Wolensky, Asst. Gen. Counsel, Linda D. Fienberg, Sp. Counsel, Stephen E. Cavan, Atty., Securities & Exchange Commission, Washington, D. C., for defendants-appellees.

Before MORGAN, JOHNSON and HENDERSON, Circuit Judges.

JOHNSON, Circuit Judge:

We are asked to write what may be the final chapter in the controversy surrounding Bert Lance and the National Bank of

Georgia (NBG).[1] In 1979, plaintiff, attorney employed by Bert Lance, filed a request under the Freedom of Information Act, 5 U.S.C.A. § 552, for certain records in the possession of the Securities and Exchange Commission (SEC). The agency refused to release the records and plaintiff sought a *de novo* review of the request in federal district court. Although ordering the agency to release some of the records, the district court essentially upheld the agency's decision. The court also concluded that the plaintiff had not substantially prevailed in the lawsuit and was therefore not entitled to an award of attorneys' fees. Plaintiff appeals, seeking the release of additional documents and attorneys' fees.

## I.

In 1977 the SEC and Office of the Comptroller of the Currency (OCC) conducted an investigation into certain transactions among the NBG, the First National Bank of Calhoun (FNB) and Bert Lance. After completing the investigation, the two agencies sought and obtained injunctive relief against Lance and both banks.[2] Shortly after the injunction was issued, plaintiff Chilivis filed, at the apparent behest of Bert Lance, an FOIA request for all "depositions, statements, documents and memoranda" obtained during the SEC's investigation. The SEC denied the request, reasoning that the documents were relevant to other ongoing investigations and therefore exempt

from production under Section 7(A) of the FOIA.[3]

Plaintiff brought suit in district court seeking the release of the records. The SEC responded to the complaint with a motion to dismiss and/or motion for summary judgment. The agency asserted that the records were germane to an investigation by the Special Counsel into the relationship between the NBG and Carter Warehouse and not subject to disclosure.[4] Plaintiff filed a cross-motion for summary judgment contending that the records were not necessary to the Special Counsel's investigation. Before the district court could determine the merits of either motion, the SEC was notified that the Special Counsel no longer had any need for the records. The Justice Department, however, promptly informed the agency that a grand jury had been impaneled to inquire into Bert Lance's affairs and requested that the SEC not release any "witness statements, transcripts of testimony and exhibits" during the pendency of the investigation. As a result, the SEC filed a superseding motion this time alleging that witness statements, transcripts and exhibits were exempt under Section 7(A) from disclosure as investigatory records. The SEC also sought guidance from the court concerning the agency's authority to return to the OCC a number of documents included in plaintiff's FOIA request. In November 1979, the district court granted the SEC's motion and instructed the agency to "honor the request of the

---

1. The controversy has spurred a significant amount of litigation. *See Federal Election Commission v. Lance,* 635 F.2d 1132 (5th Cir.) (en banc), *cert. denied,* 453 U.S. 917, 101 S.Ct. 3151, 69 L.Ed.2d 999 (1981); *In re Grand Jury Investigation,* 610 F.2d 202 (5th Cir. 1981); *In re T. Bertram Lance,* 610 F.2d 228 (5th Cir. 1980); *Securities & Exchange Comm. v. The National Bank of Georgia, et al.,* Fed.Sec.L.Rep. (CCH) ¶ 96,402 (N.D.Ga.1978); *Financial General Bankshares, Inc. v. Lance,* 80 F.R.D. 22, Fed.Sec.L.Rep. (CCH) ¶ 96,403 (D.D.C.1978).

2. The injunction was entered by consent of the parties. *Securities & Exchange Commission v. The National Bank of Georgia, et al., supra,* Fed.Sec.L.Rep. (CCH) ¶ 96,402.

3. Section 7(A), 5 U.S.C.A. § 552(b)(7)(A), exempts from disclosure "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings ...".

4. The Attorney General of the United States appointed Paul J. Curran Special Counsel with the "authority for investigating and prosecuting any offenses against the United States arising from financial transactions between the Carter Warehouse and the National Bank of Georgia...." The Special Counsel notified the SEC that the documents obtained during the investigation into Bert Lance and NBG should not be released under the FOIA pending review by the Special Counsel's staff.

Comptroller for the return of the documents."[5]

A few months after the district court's order, Bert Lance was tried and was either acquitted or granted a mistrial as to all criminal charges. The Justice Department terminated the investigation and returned the witness statements, transcripts and exhibits to the SEC. Noting that the Justice Department investigation had ceased, plaintiff moved the district court to revise the November 1979 decision and order the release of the documents. Plaintiff also filed a motion for summary judgment, seeking to obtain the documents and records not encompassed by the 1979 order.

The district court refused to revise the order. The court noted that the SEC had voluntarily processed the records and promised to release all witness statements, transcripts and exhibits that did not result in an unwarranted invasion of personal privacy. The district court concluded that the agency's actions rendered plaintiff's motion for revision moot. The district court did agree to review the SEC's decision to withhold certain documents under exemption 4 (trade secrets),[6] exemption 5 (inter/intra-agency memorandum),[7] and exemption 7(C) (personal privacy)[8] and ordered the SEC to prepare an index of documents containing a description of the withheld material and a detailed justification for nondisclosure.[9] After a review of the index, the court determined that the SEC had improperly invoked exemption 4 (trade secrets) and ordered the agency to release additional documents. The court did, however, substantially uphold the agency's use of exemption 5 and exemption 7(C). Finally, the court concluded that the plaintiff had not substantially prevailed in the lawsuit and was not entitled to attorneys' fees.

## II.

Plaintiff first contends that the SEC waived the right to invoke certain FOIA exemptions by failing to include them in the first motion to dismiss and/or motion for summary judgment filed by the agency. Fed.R.Civ.P. 8(c) requires a defendant to allege all affirmative defenses in a responsive pleading and the failure to do so will normally result in waiver. *Jones v. Miles,* 656 F.2d 103, 107 n.7 (5th Cir. 1981). Plaintiff asserts that the SEC's first motion for dismissal or summary judgment constituted the agency's "responsive pleading" and that by failing to raise exemptions 4, 5 and 7(C) in the motion, the SEC waived the defenses.[10] Because the original exemption in-

---

5. The district court also denied plaintiff's motion for summary judgment. The court noted that the motion contested the SEC's right to invoke exemption 7(A) on behalf of the Special Counsel. Since the exemption had been withdrawn, the court concluded that plaintiff's motion was without merit.

6. Section 4, 5 U.S.C.A. § 552(b)(4), exempts from disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential...".

7. Section 5, 5 U.S.C.A. § 552(b)(5), exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency...".

8. Section 7(C), 5 U.S.C.A. § 552(b)(7)(C), exempts from disclosure "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... (C) constitute an unwarranted invasion of personal privacy ...".

9. A district court has the option of reviewing the records in camera, 5 U.S.C.A. § 552(a)(4)(B), or requiring the federal agency to prepare an index of the documents. *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). The index must include (1) an adequate description of the withheld document and (2) the particular exemption invoked to justify nondisclosure coupled with a detailed explanation for its use. *Founding Church of Scientology, etc. v. Bell,* 603 F.2d 945, 949 (D.C. Cir.1979).

10. Plaintiff also claims that the SEC waived the right to invoke exemption 7(A) (investigatory records) on behalf of the Justice Department by failing to raise the issue in the first motion for summary judgment. The SEC did raise exemption 7(A) in the first motion, but only on behalf of the Special Counsel. Significantly, however, the Justice Department did not inform the SEC of the need for the exemption until after the motion was filed. We consider it doubtful that the SEC would be capable of waiving the exemption for investigatory records before the

voked by the agency was withdrawn and all others waived, plaintiff states that the district court should have granted his motion for summary judgment and ordered the release of all documents.

Although superficially attractive, plaintiff's argument suffers from a fatal flaw. Neither a motion to dismiss nor a motion for summary judgment constitutes responsive pleadings for purposes of the federal rules. *See McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir. 1979) (motion to dismiss not responsive pleading for purposes of Fed. R.Civ.P. 15); *Hanraty v. Ostertag*, 470 F.2d 1096, 1097 (10th Cir. 1972) (motion to dismiss not responsive pleading for purposes of Fed.R.Civ.P. 8); *Miller v. American Export Lines, Inc.*, 313 F.2d 218 n.1 (2d Cir. 1963) (motion for summary judgment not responsive pleading for purposes of Fed.R.Civ.P. 15). The SEC, therefore, had no obligation to raise all applicable affirmative defenses in its motion to dismiss and/or motion for summary judgment. Accordingly, the failure to include all relevant exemptions in the "non-responsive" motion did not result in waiver.

■ Plaintiff also seems to argue that the SEC waived certain FOIA exemptions by failing to file a timely answer to his complaint. The FOIA requires the Government to file an answer or "otherwise plead" to a complaint within 30 days. The SEC responded to plaintiff's complaint within 30 days by filing a motion to dismiss and/or motion for summary judgment. The agency delayed, however, over ten months before filing an answer.[11] Despite the delay, we conclude that the SEC filed a timely response to plaintiff's complaint.

The FOIA is, in some respects, broader than the federal rules. Unlike the federal rules, the FOIA authorizes a federal agency to "otherwise plead" in lieu of filing an answer. *See Weber v. Coney*, 642 F.2d 91, 93 (5th Cir. 1981) ("an 'answer' is not the only response permitted under the FOIA."). The FOIA does not contain a definition of the phrase "otherwise plead." The legislative history, however, indicates that an agency may "otherwise plead" by filing a motion to dismiss or a motion for summary judgment. H.R.Rep.No. 876, 93rd Cong., 2nd Sess., *reprinted in* U.S.Code Cong. & Ad.News 6267, 6276 (1974) (response to complaint "need not necessarily be affirmative in nature; it may be a motion other than an answer."). Thus by filing a timely motion to dismiss, the SEC fulfilled its obligation under the FOIA to answer or "otherwise plead" to a complaint within 30 days.

■ Plaintiff next contests the district court's reliance on the mootness doctrine. Plaintiff sought review of the November 1979 order that exempted all witness statements, transcripts and exhibits from disclosure. The district court acknowledged that release of the documents would no longer interfere with an ongoing investigation. Nonetheless, the court noted that the SEC had agreed to process and disclose the documents and denied plaintiff's motion as moot.

The Supreme Court has recognized that an issue becomes moot when the parties lack a legally cognizable interest in the outcome. *Murphy Fourth Judicial District of Nebraska v. Hunt*, —— U.S. ——, ——, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982). Once the SEC voluntarily processed the witness statements, transcripts and exhibits, plaintiff no longer had a legally cognizable interest in obtaining a revision of

Justice Department informed the agency of the need for the exemption. Nonetheless, we do not reach the issue. Our determination that the SEC did not waive the exemptions by failing to include them in the first motion for summary judgment effectively disposes of the issue.

11. We note that at least a portion of the delay was authorized by the district court. Shortly after the SEC filed the motion to dismiss

and/or motion for summary judgment, plaintiff moved for an order requiring the agency to respond to the complaint. The court granted the motion and ordered an answer within ten days. The order was, however, vacated. The court concluded that under Fed.R.Civ.P. 12, the agency had additional time to file the answer. The agency ultimately filed the answer approximately three months after the district court adjudicated its motion for summary judgment.

the order. *See Lovell v. Alderete*, 630 F.2d 428, 430 (5th Cir. 1980). Plaintiff, however, contends that the SEC's voluntary compliance with the FOIA does not render the issue moot. He draws our attention to a line of decisions holding that the voluntary cessation of an act or practice giving rise to a lawsuit will not cause a case to become moot. *See, e.g., Los Angeles County v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979); *Tyson v. Cazes*, 363 F.2d 742, 743 (5th Cir. 1966). The rule in those cases only applies to controversies "capable of repetition, yet evading review." *Murphy, supra,* —— U.S. at ——, 102 S.Ct. at 1183. Thus where there is a reasonable certainty that the alleged violation or misconduct will not recur, cessation of the act or practice will render the case moot. *Davis, supra,* 440 U.S. at 631, 99 S.Ct. at 1383.

In the instant case, plaintiff filed a motion to revise in order to obtain witness statements, transcripts and exhibits previously found exempt from disclosure as investigatory records. The SEC has, however, already processed the records and instructed plaintiff to make arrangements with the agency's FOIA office to view the documents.[12] Moreover, since all of the records have been processed and plaintiff has been informed in writing of his right to review the records, there does not appear to be any reasonable possibility that the practice giving rise to the lawsuit—the withholding of documents no longer exempt as investigatory records—will recur. We therefore deem the motion for revision moot.[13]

## III.

Plaintiff next asserts that the district court improperly found certain documents exempt from disclosure. In reviewing a district court's determination under the FOIA, we must first determine whether the lower court had an adequate factual basis for its determination. *Stephenson v. Internal Revenue Service*, 629 F.2d 1140, 1144 (5th Cir. 1980). Assuming an adequate factual basis, we must ascertain whether the lower court's determination was clearly erroneous. *Id.*

Before considering plaintiff's contentions, we note the basic precepts behind the FOIA. Congress adopted the Act to encourage open disclosure of public information. *Baldrige v. Shapiro,* —— U.S. ——, ——, 102 S.Ct. 1103, 1108, 71 L.Ed.2d 199 (1982); *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 220–21, 98 S.Ct. 2311, 2316, 57 L.Ed.2d 159 (1978). The FOIA attempts to balance the public's need for access to information with the Government's need, under some circumstances, for confidentiality. *Weinberger v. Catholic Action,* —— U.S. ——, ——, 102 S.Ct. 197, 201, 70 L.Ed.2d 298, 304 (1981). Consequently, records and documents held by federal agencies are presumed subject to disclosure unless the agency can establish that

---

**12.** In a Supplemental Response to the Motion for Revision, the SEC stated that it had finished processing the records listed in the November 1979 order. The agency notified plaintiff by letter that the review had been completed. The letter stated that some of the records would not be released under exemption 7(C) (personal privacy) and instructed plaintiff to contact the agency to make arrangements to view the documents. In a subsequent letter dated September 25, 1980, the SEC agreed to waive the exemption and release all witness statements, transcripts and exhibits encompassed by the 1979 order.

Plaintiff does not contest the SEC's assertion that the documents withheld under the 1979 order have all been processed. Nor does he claim on brief that the agency has now denied him access to any of the records.

**13.** Plaintiff also asserts that the district court abused its discretion by ordering the SEC to return certain documents to the OCC. The documents at issue were all copies. The district court noted that the OCC had already processed the originals pursuant to an FOIA request by plaintiff. The lower court concluded that it would result in an "unjustifiable burden" to force the SEC to review a large number of records previously reviewed by another agency. While this court will not countenance bad faith attempts by federal agencies to avoid disclosure by transmitting documents to other agencies, we find no evidence indicating that the SEC acted in bad faith in this instance. Under the facts of this case, we conclude that the district court did not abuse its discretion by ordering the SEC to return the documents to the OCC.

the material falls into one of the FOIA's nine exemptions. *Miami Herald Pub. Co. v. U. S. Small Bus. Ass.,* 670 F.2d 610, 613 (5th Cir. 1982); *McCorstin v. United States Dept. of Labor,* 630 F.2d 242, 245 (5th Cir. 1980). Moreover, courts typically construe the exemptions narrowly. *National Ass'n of Government Emp. v. Campbell,* 593 F.2d 1023, 1025 (D.C.Cir.1978); *Kuehnert v. FBI,* 620 F.2d 662, 665 (8th Cir. 1980); *Church of Scientology v. United States Dept. of Army,* 611 F.2d 738, 742 (9th Cir. 1979).

Plaintiff does not take issue with the district court's determination that the SEC properly withheld documents under exemption 4 (trade secrets) and exemption 7(C) (personal privacy).[14] He does contend, however, that the district court improperly upheld the SEC's use of exemption 5. Plaintiff asserts that the court (1) had an inadequate factual basis to determine the applicability of the exemption; (2) improperly found a number of agency "final decisions" exempt from production; and (3) erred in concluding that the SEC did not waive the right to invoke the exemption by disclosing documents to other agencies.

█ Exemption 5 authorizes an agency to withhold "inter-agency or intra-agency memorandums or letters." 5 U.S.C.A. § 552(b)(5). The exemption has generally been held to encompass attorney work product and staff opinions/recommendations that are part of an agency's deliberative process. *Federal Open Market Committee v. Merrill,* 443 U.S. 340, 353, 99 S.Ct. 2800, 2808, 61 L.Ed.2d 587 (1979); *McCorstin v. United States Dept. of Labor, supra,* 630 F.2d at 245. The district court found the great majority of documents exempt as work product. The determination is amply supported by the record. Information provided in the index clearly demonstrates that

the documents were prepared by agency attorneys or persons under the direction of the attorneys in anticipation of litigation. The fact that the index does not contain dates for all documents or fails to provide the name of each drafter does not render the index factually deficient. Under some circumstances, such information might be necessary to a court in determining the nature of the documents. In the instant case, however, the index contained sufficient other factual information to permit the district court to determine that the documents constituted work product. We therefore conclude that the court had a sufficient factual basis for the determination and further conclude that the determination was not clearly erroneous.

█ Nor do we agree with plaintiff's allegation that a number of withheld documents were final agency opinions and therefore subject to disclosure. *See NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 148, 95 S.Ct. 1504, 1515, 44 L.Ed.2d 29 (1975) ("we hold ... that Exemption 5 does not apply to any document which falls within the meaning of the phrase 'final opinion' "). The documents included drafts of complaints and indictments in various stages of development and assorted memoranda or lists containing agency analysis. None of the documents could be considered final decisions. Instead the documents were correctly characterized by the district court as either work product or deliberative. We also reject plaintiff's argument that the SEC waived the right to invoke exemption 5 by disclosing documents to other federal agencies. Exemption 5 explicitly applies to *inter* as well as intra-agency memoranda and letters. Thus an agency will not automatically waive the exemption by releasing

---

**14.** With a few exceptions, the SEC did not withhold entire documents under exemption 7(C). Instead, the agency excised from the documents the names, addresses and phone numbers of persons whose privacy might be violated by disclosure. Plaintiff does not challenge the SEC's right to make the deletions. He does argue, however, that the district court should not have relied upon the agency's "promise" to delete the information and dis-

close the documents but should have issued an order *requiring* the SEC to do so. Had plaintiff demonstrated that the SEC failed to comply with its promise, an order mandating disclosure would be appropriate. Plaintiff has not, however, alleged that the agency has violated the promise by withholding the requested documents. Absent such allegations, we see no reason to issue an order requiring disclosure.

memoranda to other agencies. *Shermco Industries v. Secretary of Air Force*, 613 F.2d 1314, 1320 (5th Cir. 1980) ("the mere fact that one federal agency releases intra-agency communications to another federal agency cannot by itself imply the waiver of exemption 5."). Waiver can occur when communications are disclosed to private individuals or nonfederal agencies. *See, e.g., Mead Data Central, Inc. v. Dept. of Air Force*, 566 F.2d 242, 253 (D.C.Cir.1977); *Education Instruction, Inc. v. Dept. of Housing and Urban Dev.*, 471 F.Supp. 1074, 1081 (D.Mass.1979), *affirmed*, 649 F.2d 4 (1st Cir. 1981). Disclosure of communications to others in violation of an agency's regulations may also result in waiver. *Shermco Industries, supra*, 613 F.2d at 1320. Plaintiff has not alleged that the SEC disclosed the documents to nonfederal agencies or private individuals. Nor has he contended that the SEC disclosed documents in violation of agency regulations. Accordingly, plaintiff has not established a case for the waiver of exemption 5.[15]

## IV.

■ The final issue concerns the district court's refusal to award plaintiff attorneys' fees. The FOIA authorizes a court to award attorneys' fees if a plaintiff "substantially prevailed" in the lawsuit.[16] 5 U.S.C.A. § 552(a)(4)(E).[17] To substantially prevail, a plaintiff must establish that the lawsuit "could reasonably be regarded as necessary to obtain the information and that the action had a substantial causative effect on the delivery of the information." *Lovell v. Alderete*, 630 F.2d 428, 432 (5th Cir. 1980); *accord, Cazalas v. United States Dept. of Justice*, 660 F.2d 612, 619 (5th Cir. 1981). A district court's determination that a party did not substantially prevail will only be reversed if clearly erroneous. *Cox v. United States Department of Justice*, 601 F.2d 1, 6 (D.C.Cir.1979).

■ The record reveals that the SEC failed to release a large number of documents until after plaintiff initiated judicial proceedings. Nonetheless, such a factor does not conclusively establish that plaintiff substantially prevailed. *Lovell v. Alderete, supra*, 630 F.2d at 432. Instead, plaintiff must establish that the lawsuit provided the necessary impetus for disclosure. Plaintiff has not met this burden. The substantial majority of documents released by the SEC resulted not from the lawsuit but from the Justice Department's termination of the Bert Lance investigation and the agency's correct perception that the documents were no longer exempt as investigatory records.

---

**15.** Plaintiff finally contends, without benefit of legal authority, that a computer printout does not constitute a memorandum or letter and cannot, therefore, be withheld under exemption 5. We deem the argument specious. In adopting exemption 5, Congress clearly intended to exempt *any* document connected with the agency's deliberative process, not just memoranda and letters. H.R.No. 1497, 89th Cong., 2nd Sess., *reprinted in*, U.S.Code Cong. & Ad. News 2418, 2427–28 (1966). Thus in applying exemption 5, a court must focus on the contents of a document rather than its form. The district court in the instant case evaluated the contents of the computer printout and concluded that the document was predecisional and, with the exception of factual material, not subject to disclosure. Plaintiff does not challenge the district court's characterization of the printout as predecisional. Accordingly, the district court did not err in concluding that the document was exempt from disclosure.

**16.** Even where a plaintiff substantially prevails, he will not necessarily be entitled to attorneys' fees. Instead, the district court must look to

(1) the benefit to the public resulting from the FOIA request; (2) the commercial benefit to the plaintiff from the request; (3) the nature of the plaintiff's interest in the records; (4) the reasonableness of the Government's justifications for nondisclosure; and (5) any other applicable criteria "from the older body of equitable decisions on attorneys' fees." *Blue v. Bureau of Prisons*, 570 F.2d 529, 533 (5th Cir. 1978); *accord, Cazalas v. United States Dept. of Justice*, 660 F.2d 612, 619 (5th Cir. 1981). Because we affirm the district court's determination that plaintiff has not substantially prevailed, we need not consider plaintiff's FOIA request in light of these other factors.

**17.** 5 U.S.C.A. § 552(a)(4)(E) states:

The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

Only those documents ordered released by the district court can fairly be attributed to the lawsuit. The records actually ordered disclosed by the district court amounted to an insignificant portion of the documents sought in the FOIA request.[18] Thus the district court correctly concluded that the plaintiff had not substantially prevailed.

For the reasons stated herein, the judgment of the district court is· AFFIRMED.

**18.** The district court essentially upheld the SEC's decision to withhold documents under exemptions 5 and 7(C). The court agreed with plaintiff that the SEC had improperly invoked exemption 4. The ruling that the exemption was inapplicable did not, however, result in the release of a large number of documents to plaintiff. The district court instead determined that a "great deal" of the information improperly withheld under exemption 4 was encompassed by exemption 7(C).