Michael D. RAY, Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE, IMMIGRATION & NATURALIZATION SERVICE, Defendant.

No. 87–2087–CIV.

United States District Court, S.D. Florida.

July 14, 1989.

Michael D. Ray, Miami, Fla., pro se.

ORDER GRANTING PLAINTIFF'S MO-
TION FOR COSTS AND ATTOR-
NEY'S FEES; ORDER DENYING
DEFENDANTS' MOTION FOR PAR-
TIAL SUMMARY JUDGMENT

JAMES LAWRENCE KING, Chief
Judge.

The plaintiff filed a "verified motion for
summary judgment" requesting attorney's
fees and costs.[1] The government respond-

ed and filed a cross-motion for partial sum-
mary judgment on the issue of sanctions.
The court will consider each of these issues
in turn.

## I. ATTORNEY'S FEES AND COSTS

The Freedom of Information Act
("FOIA") authorizes courts to award rea-
sonable attorney's fees and costs if a plain-
tiff "substantially prevailed" in the law-
suit.[2] To decide whether a party has sub-
stantially prevailed, the court considers
whether the plaintiff established that the
lawsuit "could reasonably be regarded as
necessary to obtain the information and
that the action had a substantial causative
effect on the delivery of the information."
*Chilivis v. Securities & Exchange Comm.*,
673 F.2d 1205, 1212 (11th Cir.1982) quoting
*Lovell v. Alderete*, 630 F.2d 428, 432 (5th
Cir.1980). If the court decides that the
plaintiff has substantially prevailed, the
court then exercises its discretion in deter-
mining whether an award is justified. Spe-
cifically, the court evaluates

(1) the benefit to the public resulting
from the FOIA request;

(2) the commercial benefit to the plaintiff
in the request;

(3) the nature of the plaintiff's interest
in the record;

(4) the reasonableness of the govern-
ment's justification for nondisclosure.

*Chilivis*, 673 F.2d at 1212 n. 16; *see also
Clarkson v. Internal Revenue Service*, 678
F.2d 1368, 1371 n. 4 (11th Cir.1982) *cert.
denied* 481 U.S. 1031, 107 S.Ct. 1961, 95
L.Ed.2d 533 (1987).

The court first analyzes whether
the plaintiff "substantially prevailed" as
required by 5 U.S.C. § 552(a)(4)(E). In this
lawsuit, the plaintiff's actions caused the
government produce the documents only
after suit had been filed. The plaintiff
filed his request in September 1987 and the
government did not respond. The govern-

1. The court will treat the plaintiff's motion for
summary judgment simply as a motion for at-
torney's fees and costs.

2. The full text of 5 U.S.C. § 552(a)(4)(E) reads
as follows:

The court may assess against the United States
reasonable attorney fees and other litigation
cost reasonable incurred in any case under
this section in which the complainant has
substantially prevailed.

ment eventually produced the documents when this court ordered the defendant to produce all documents in its possession that satisfied the plaintiff's request. In fact, the documents were given to the plaintiff on March 16, 1989, the last date upon which the government could comply according to the district court's order of March 1, 1989.

The court is cognizant of the rule that simply because the government did not reveal documents until after the plaintiff initiated judicial proceedings, one cannot presume that the plaintiff substantially prevailed. This corollary is inapposite here because the government released the documents on the final date stated in a court order. Under these circumstances, the lawsuit "could reasonably be regarded as necessary" and to have had "a substantial causative effect on the delivery on the information." *Clarkson*, 678 F.2d at 1372.

■ Because the plaintiff has "substantially prevailed," the court now must exercise its discretion in determining whether an award is justified. The four factors, benefit to the public, commercial benefit to the complainant, the plaintiff's interest in the records sought, and the government's basis for withholding the documents, indicate that the plaintiff's request for attorney's fees and costs should be granted. Specifically, the public benefited from the FOIA request because of the public's interest in safe relocation of Haitians and the granting of asylum to immigrants. The

second and third factors, commercial benefit to the complainant and nature of the plaintiff's interest in the documents, do not persuade the court one way or the other that attorney's fees should be awarded. The plaintiff's commercial benefit would be the possible enhancement of his immigration law practice. Moreover, the nature of the plaintiff's interest in the records sought in this case does not appear to be primarily personal, but rather appears motivated by the attorney's desire to help Haitians seeking asylum. The final consideration, the basis for the government's withholding of the requested documents, militates in favor of awarding attorney's fees. Although the government's delay in producing the documents has not been shown to be the product of bad faith [3], the government has not provided a particularly compelling reason for the withholding of the requested documents. The court, consequently, finds that on balance these four criteria favor awarding attorney's fees and costs to the plaintiff.[4]

## II. SANCTIONS

■ In addition to the response to attorney's fees and costs, the government also filed a motion for partial summary judgment on the issue of sanctions under 5 U.S.C. § 552(a)(4)(F).[5] The government contends that a material issue of fact does not exist as to the propriety of sanctions under 5 U.S.C. § 552(a)(4)(F). Specifically, the government urges that the statute requires the court to order the production of

---

3. See discussion, *infra.*

4. The plaintiffs submitted affidavits regarding reasonable hourly rates and hours worked. With respect to the hours worked, the affidavits sufficiently detail the hours, and, in the court's experience, the hours are reasonable. *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). Moreover, the government did not specifically object to any of the entries. Likewise, the court's expertise supplements the plaintiff's affidavits regarding the reasonableness of the hourly rates of $125.00 per hour for Michael D. Ray and $100.00 per hour for Neil D. Kolner. Based on the hours worked and hourly rate, the court awards $2,750.00 (11.2 hours × $125/hours = $1,400 and 13.5 hours × $100/hours = $1,350) in attorney's fees. Similarly, the court awards

$139.25 for the costs of filing fees and photocopies.

5. The pertinent text of the statute reads as follows:

Whenever the court orders the production of any agency records improperly withheld from the complainant and assesses against the United States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who is primarily responsible for the withholding.

records, and in this lawsuit the court has not ordered production of improperly withheld records. The court disagrees with this proposition. On March 2, 1989, the court ordered the defendants to produce all documents in the defendants possession which satisfied the plaintiffs' request. This unequivocal order, issued 16 months after suit was filed, satisfied the statutory requirement of a court order of production. Thus, on the issue of sanctions, a material question of fact remains whether the government acted arbitrarily or capriciously with respect to withholding the requested documents.

Accordingly, based on the forgoing, the court

ORDERS and ADJUDGES that the motion for attorney's fees and cost are GRANTED and the plaintiff is entitled to $139.25 for costs and $2,750.00 in attorney's fees for which execution shall issue. The court

FURTHER ORDERS and ADJUDGES that the government's motion for partial summary judgment on the issue of sanctions is DENIED.

DONE and ORDERED.