[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15002
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:09-cv-02162-GAP-GJK

BERNT WALTHER VON GRABE,

Plaintiff-Appellant,

versus

U.S. DEPARTMENT OF HOMELAND SECURITY,
Immigration & Customs Enforcement,
STATE OF FLORIDA,
GOVERNOR OF THE STATE OF FLORIDA,
in his official capacity,
FLORIDA HOSPITAL,
JOHN DOE 1,
Reg. Nurse, et al.,

Defendants-Appellees,

SOCIAL SECURITY ADMINISTRATION,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 29, 2011)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

In this case, appellant, proceeding *pro se,* claimed that U.S. Department of Homeland Security ("DHS") violated the Freedom of Information Act ("FOIA")[1] by refusing to provide appellant or his daughter, Vanessa Klein, a copy of the notice informing Kline that DHS had approved the Form I-130 petition that Klein had filed in his behalf in 1995.[2] The district court dismissed the claim for lack of subject matter jurisdiction because the claim was moot; DHS had provided appellant with a duplicate or copy of the document approving a Form I-130. Again proceeding *pro se*, he appeals the dismissal, claiming *inter alia* that, although he had received the requested document, the court should have awarded him litigation costs because he substantially prevailed in litigating his claim.[3] He

---

[1] 5 U.S.C. § 552,

[2] Appellant also sought relief against DHS under 42 U.S.C. §§ 1983 and 1986.

[3] Appellant also appeals the court's dismissal of his §§ 1983 and 1986 claims. He failed to challenge the dismissal in his original brief; he did so in his reply brief, but that does not

2

prevailed, he argues, because "for years," and after numerous contacts and much correspondence, DHS had refused to provide him or his daughter with a duplicate or copy of the document that his daughter had filed on his behalf in 1995.

Under the FOIA, "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). The DHS regulations provide that a FOIA request should be sent to the central FOIA office of the DHS component agency involved, or if such central office cannot be determined, then the request should be sent to the disclosure officer at DHS in Washington, D.C. 6 C.F.R. § 5.3(a).

If a person receives all the information he has requested under FOIA, even if the information was delivered late, his FOIA claim is moot to the extent that such information was sought. *Lovell v. Alderete*, 630 F.2d 428, 430-31 (5th Cir. 1980). *See Chilivis v. S.E.C.*, 673 F.2d 1205, 1209-10 (11th Cir. 1982) (holding that once the agency provided access to the requested documents, the FOIA plaintiff had no legally cognizable interest in challenging an order exempting the

---

entitle him to appellate review of the dismissal. We therefore do not address it. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (acknowledging that we do not address arguments raised for the first time in a *pro se* litigant's reply brief).

documents from review).  A claim's mootness, however, "does not automatically preclude an award" of damages or attorney's fees, which requires the satisfaction of certain specific requirements.  *Lovell*, 630 F.2d at 431.

Under the FOIA, "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case. . . in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E)(i).  In 2007, amendments to FOIA expanded on the meaning of "substantially prevailed," and added a clause (ii), which provides that "a complainant has substantially prevailed if the complainant has obtained relief through either--(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."  *Id.* § 552(a)(4)(E)(ii).

Prior to the 2007 amendments, this Court had interpreted the meaning of "substantially prevailed" as follows:

> [t]he mere fact that the information sought was not released until after the suit was instituted without more is insufficient to establish that [a plaintiff] "substantially prevailed" in . . . his suits.  Absent a court order in his favor, [a] plaintiff must show that prosecution of the action could reasonably be regarded as necessary to obtain the information and that the action had a substantive causative effect on the delivery of the information.

*Lovell*, 630 F.2d at 432 (footnote, quotation, and citation omitted).  In other words, the plaintiff must have "establish[ed] that the lawsuit provided the necessary impetus for disclosure."  *Chilivis*, 673 F.2d at 1212.

The district court correctly found that appellant was not entitled to recover his costs because he had not substantially prevailed in his law suit.  He failed to contact the proper FOIA office with his request; moreover, DHS had never refused to provide the requested document.

During the proceedings in the district court, appellant alleged that the court was biased against him.  The court construed the allegation as a motion to recuse.  Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party . . . ."  28 U.S.C. §§ 455(a), (b)(1).  "Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality."  *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).  Having reviewed the record, we find no basis for appellant's allegation.  The court therefore did not abuse its discretion in refusing to recuse.

AFFIRMED.