[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  20-10615
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cv-00409-MCR-HTC

PAUL JOSEPH FREEMAN,

Plaintiff-Appellant,

versus

GLENN A. FINE,
Principal Deputy Inspector General,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 23, 2020)

Before WILSON, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Paul Freeman, proceeding *pro se*, appeals the district court's grant of

summary judgment as to Claim 1, asserting violations of the Freedom of

Information Act ("FOIA") and the court's dismissal for failure to state a claim as to Claims 2 and 3, asserting violations of Title 18 and Freeman's due process and equal protection rights. Fine has moved for summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). An appeal is frivolous if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

We review *de novo* an order granting summary judgment and an order granting a motion to dismiss for failure to state a claim. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011); *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion to dismiss for failure to state a claim, the court reviews a plaintiff's *pro se* allegations in a liberal fashion, accepts all factual

2

allegations in the complaint as true, and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994). Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The FOIA is primarily an access and disclosure statute. It provides for wide-ranging citizen access to government documents and presumes them subject to disclosure absent a clear showing to the contrary." *Ely v. F.B.I.*, 781 F.2d 1487, 1489 (11th Cir. 1986) (internal citation omitted). A district court has jurisdiction in a FOIA action "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). If a person receives all the information he requested under FOIA, even if the information was delivered late, his FOIA claim is moot to the extent that such information was sought. *Chilivis v. S.E.C.*, 673 F.2d 1205, 1209-10 (11th Cir. 1982).

Criminal statutes generally do not provide a private cause of action. *See Love v. Delta Air Lines*, 310 F.3d 1347, 1352-53 (11th Cir. 2002). "Statutes that

3

focus on the person regulated rather than the individuals protected create no implication of an intent to confer rights on a particular class of persons."  *See Alexander v. Sandoval*, 532 U.S. 275, 289 (2001).  Further, a federal court does not order the prosecution of individuals at the request or invitation of a disgruntled plaintiff.  *See Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) ("[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another.").

The denial of a FOIA request does not create a due process claim. *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1236-37 (10th Cir. 2007) (holding that Integrity Committee's failure to provide plaintiff with the documents requested pursuant to FOIA did not violate plaintiff's due process rights); *Johnson v. Exec. Office for U.S. Att'ys*, 310 F.3d 771, 777 (D.C. Cir. 2002) (holding that "the comprehensiveness of FOIA precludes the creation of a *Bivens*[1] remedy" when plaintiff alleged defendant's "mishandling of [a] FOIA request violated his constitutional right to due process under the Fifth Amendment").

To state an equal protection claim, the plaintiff must allege either "that he was treated differently from other similarly situated individuals" or "that the defendant unequally applied a facially neutral ordinance for the purpose of

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)

discriminating against him." *Leib v. Hillsborough Cty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1307 (11th Cir. 2009).

Here, there is no substantial question that Freeman's appeal of the summary judgment order is moot because the documents were produced and that Freeman failed to state a claim in regards to Claims 2 and 3 and because his appeal is frivolous. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. First, the only relief sought by Freeman in his complaint was the production of the documents. Even if we were to accept Freeman's argument that he never received the March 1 e-mail containing the requested documents, Freeman received the documents on two other occasions—via first-class mail on May 24, 2018 and through attachments by Fine in his motion for summary judgment. Therefore, because Freeman received the documents requested, his FOIA claim is moot. *Chilivis*, 673 F.2d at 1209-10. Furthermore, Freeman fails to allege evidence to support his argument that the Department of Defense failed to investigate his whistleblower complaint, and, even if Freeman were correct about the investigation, FOIA does not provide him or the district court with authority to demand a fuller, different, or new investigation. *See Ely*, 781 F.2d at 1489; 5 U.S.C. § 552(a)(4)(B).

Further, there is no substantial question that Freeman failed to state a claim in regards to Claims 2 and 3. First, as to Claim 2, Freeman alleged that Fine violated "28 U.S.C." and later clarified that Fine violated at least 16 different

5

subsections of Title 18.  This allegation fails not only for its lack of specificity relating to how Fine violated the different subsections but also because criminal statutes do not provide for private civil causes of action.  *See Love*, 310 F.3d at 1352-53.  Second, as to Claim 3, Freeman failed to state a claim that his due process and equal protection rights were violated because (1) the denial or mishandling of a FOIA request does not create a due process claim, *see Trentadue*, 501 F.3d at 1236-37; *Johnson*, 310 F.3d at 777, and (2) Freeman failed to allege that he was treated differently or that Fine "unequally applied a facially neutral ordinance for the purpose of discriminating against him."  *See Leib*, 558 F.3d at 1307.

Moreover, the arguments raised by Freeman in his appeal concerning the district court and magistrate judge's alleged legal errors are frivolous because they are without arguable merit in law or fact.  *See Napier*, 314 F.3d at 531.  First, Freeman argues that the district court erred because the magistrate judge did not hold a pre-trial conference after receiving his objections to the R&R and the district court did not acknowledge his objections, but the district court did acknowledge the timely objections in its order and the magistrate judge is not required to hold a pre-trial hearing on objections to the R&R.  Second, Freeman argues that the district court failed to enforce the Federal Rules of Evidence because the facts before the court were "unmistakably disputed" because the documents turned over by Fine were

inaccurate; however, Freeman failed to present evidence to demonstrate that the documents were inaccurate and is seemingly using this argument to attack the substance of the underlying investigation, which is not permitted under FOIA. *See Ely*, 781 F.2d at 1489; 5 U.S.C. § 552(a)(4)(B).  Lastly, Freeman argues that the district court erred in its administration of case management because the court did not consider his timely raised objections, but this argument is meritless because, as shown in both court orders, the district court acknowledged and overruled Freeman's objections.

Therefore, because there is no substantial question the district court properly granted summary judgment to Fine, as the requested documents were produced, and that the district court properly dismissed Freeman's second and third claims, as he failed to state a claim for which relief could be granted, we GRANT the government's motion for summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  Accordingly, we DENY the accompanying motion to stay the briefing schedule as moot.

Additionally, after the time to file a reply to Fine's motion for summary affirmance had lapsed, Freeman moves our Court to impose sanctions against Fine because "any filing of such frivolous motion for summary affirmance is vexatious to the court without rationale and injurious to [him]."  Freeman argues that Fine and his counsel were required to make mandatory disclosures under Federal Rule

7

of Civil Procedure 26(a), including the contents of the document containing the authenticity record, and the failure to make those disclosures and to file a motion for summary affirmance entitles him to sanctions.  Because Fine's motion for summary affirmance is not without rationale or merit, we DENY Freeman's motion for sanctions.