[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  20-10141
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cv-00679-TKW-EMT

JASON SARTORI,

Plaintiff - Appellant,

versus

UNITED STATES ARMY,

Defendant - Appellee.
_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 26, 2021)

Before LAGOA, BRASHER and ANDERSON, Circuit Judges.

PER CURIAM:

Jason Sartori, proceeding *pro se*, appeals the district court's orders granting

summary judgment to the Army and denying his motion for attorneys' fees.  On

appeal, the Army has moved for summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

*Pro se* pleadings are held to a less stringent standard than counseled pleadings and, therefore, are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, *pro se* litigants are still required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). The district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

"When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). For an argument to be sufficiently briefed on appeal, the argument must include the

2

appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A).

Summary judgment is appropriate in a FOIA case when the material facts are undisputed, and the defendant agency has provided an adequate explanation for any information withheld or redacted pursuant to a statutory exemption. *See Billington v. Dep't of Justice*, 233 F.3d 581, 583-84 (D.C. Cir. 2000). If a person receives all the information he has requested under FOIA, even if the information was delivered late, his FOIA claim is moot to the extent that such information was sought. *Chilivis v. S.E.C.*, 673 F.2d 1205, 1209-10 (11th Cir. 1982) (holding that once the agency provided access to the requested documents, the FOIA plaintiff had no legally cognizable interest in challenging an order exempting the documents from review).

FOIA authorizes a court to award attorneys' fees if a plaintiff "substantially prevailed" in the lawsuit. 5 U.S.C. § 552(a)(4)(E). However, "eligibility alone is not enough," and the FOIA plaintiff must also show that he is entitled to an award of attorneys' fees. *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1495 (D.C. Cir. 1984). To determine whether a plaintiff is entitled to attorneys' fees, the district court must look to "(1) the benefit of the release to the public; (2) the commercial benefit of the release to the plaintiff; (3) the nature of the plaintiff's

3

interest; and (4) the reasonableness of the agency's withholding." *Id.* at 1498; *see also Chilivis*, 673 F.2d at 1212 n.16.

Here, there is no substantial question that Sartori has abandoned any challenge to the district court's grant of summary judgment to the Army and denial of his motion for attorneys' fees by failing to raise any argument to that effect on appeal. See *Groendyke Transp., Inc.*, 406 F.3d at 1162. Even liberally construed, Sartori does not mention the district court's orders granting summary judgment and denying his motion for attorneys' fees, he only reiterates his desire to get the information from the Army and explains why he wants the information and how he would use it. This is insufficient to fully brief the issues on appeal. *See Tannenbaum*, 148 F.3d at 1263; *see also* Fed. R. App. P. 28(a)(8)(A).

Further, even considering the merits of Sartori's appeal, he fails to demonstrate any evidence showing that the district court erred in granting summary judgment to the Army or in denying his motion for attorneys' fees. Sartori does not rebut the affidavits submitted with the Army's second motion for summary judgment, which detailed the extensive record searches that were conducted in response to his FOIA requests. He also makes no argument to demonstrate why the second *Vaughn* index was legally insufficient, especially in light of the district court's *in camera* review. Thus, there is no substantial question that the district court properly granted summary judgment. Moreover, as for the

district court's denial of his motion for attorneys' fees, there is no substantial question that Sartori's FOIA requests were motivated primarily for his personal use, which he concedes in his initial brief, stating that he desired the information because it would affect his ongoing criminal and civil ligation. This admission, when considered with the low benefit of the release to the public and the reasonableness of the agency's withholding—based on privacy concerns—outweigh the commercial benefit of the information to Sartori. *See Weisberg*, 745 F.2d at 1498.

Therefore, there is no substantial question that Sartori abandoned any challenge to the district court's grant of summary judgment and denial of his motion for attorneys' fees and that, even considering the merits, the district court properly granted the motion for summary judgment and denied the motion for fees. *See Groendyke Transp*, 406 F.2d at 1162. Accordingly, the Army's motion for summary affirmance is GRANTED and its motion to stay the briefing schedule is DENIED as moot.

5