[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2003
THOMAS K. KAHN
CLERK

_____

No. 02-14274

_____

D. C. Docket No. 00-01793-CV-T-24TG

OFFICE OF THE CAPITAL
COLLATERAL COUNSEL,
NORTHERN REGION OF
FLORIDA, as counsel for
Michael Mordenti,

Plaintiff-Appellee,

versus

DEPARTMENT OF JUSTICE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 20, 2003)

Before BLACK and HILL, Circuit Judges, and FITZPATRICK[*], District Judge.

BLACK, Circuit Judge:

_____
[*]Honorable Duross Fitzpatrick, United States District Judge for the Middle District of
Georgia, sitting by designation.

The United States Department of Justice (DOJ) appeals the district court's order to disclose two documents pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. We conclude the documents in question are exempt from disclosure under FOIA's exemption 6 and therefore reverse.

## I. BACKGROUND

In a 1998 trial involving the alleged internet solicitation of a minor for an unlawful sexual encounter, Assistant United States Attorney Karen Cox called a witness identified as "Gracie Greggs." In fact, "Gracie Greggs" was a pseudonym for use over the internet; the witness' real name was Adria Jackson. Cox failed to inform the court Gracie Greggs was not the witness' true name, though that information subsequently came to light. The court concluded that Cox had either manufactured or accepted a plan to employ the fictitious name for Jackson to conceal Jackson's potential credibility problems and thereby further the prosecutorial goal of securing a conviction. The court therefore dismissed the indictment. *See generally United States v. Sterba*, 22 F. Supp. 2d 1333 (M.D. Fla. 1998).

The United States Attorney subsequently referred Cox's apparent misconduct to DOJ's Office of Professional Responsibility (OPR). OPR investigated the matter and reported to James Santelle, the Deputy Director of the Executive Office for United States Attorneys (EOUSA). In this capacity, Santelle had final authority to

2

sanction Cox for her misconduct. Before imposing his final sanction, Santelle met with Cox for an oral reply. DOJ has characterized this oral reply as essentially a due process hearing during which Cox was able to speak freely about the incident and the proposed sanctions. The oral reply was transcribed, and the transcript appears in the *Vaughn* index[1] as document 1.

Following the oral reply, Santelle issued a final decision letter to Cox in which he imposed a two-week suspension without pay. Santelle's final decision letter was identified in the *Vaughn* index as document 10.

At about the same time, Cox was also defending herself against an ethics complaint filed with the Florida Bar. The Florida Bar referee noted that DOJ had imposed a two-week suspension on Cox; he therefore recommended only a public reprimand by the District Judge who had presided over *Sterba*. The Florida Supreme Court overruled that recommendation and instead imposed a one-year suspension on Cox. *See generally Florida Bar v. Cox*, 794 So. 2d 1278 (Fla. 2001). Cox subsequently resigned from the United States Attorney's Office.

---

[1] A *Vaughn* index identifies documents that are responsive to a FOIA request, including who wrote the document, to whom it was addressed, and its date. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

Pursuant to FOIA, the Office of the Capital Collateral Counsel (CCC) requested from EOUSA all records concerning Cox's disciplinary proceedings.[2] DOJ initially gave a Glomar response,[3] and before CCC exhausted its administrative appeals, it filed a complaint in the district court. After answering this complaint, DOJ released the full text of over 1000 pages and redacted versions of 41 pages that responded to the FOIA request, and also withheld 277 responsive pages. DOJ cited FOIA exemptions 5, 6, and 7(C) as the bases for withholding and redacting some of the responsive documents. DOJ subsequently released additional documents, so that only five documents remained at issue when motions for summary judgment were filed.

The district court reviewed the relevant documents *in camera*. It then ruled that certain of those documents, including documents 1 and 10, must be disclosed under FOIA. With respect to document 1, the court permitted DOJ to redact the names of third parties identified during Cox's oral reply, though the court

---

[2]CCC was hoping to discover information from its FOIA request that could prove helpful to one of its clients, Michael Mordenti, a death-row inmate whom Cox had prosecuted while she was an Assistant State Attorney.

[3]A Glomar response neither confirms nor denies the existence of the documents sought in the FOIA request. The term has its origin in a case involving a FOIA request for information on the *Glomar Explorer* submarine-retrieval ship. *See Phillippi v. Central Intelligence Agency*, 546 F.2d 1009 (D.C. Circuit 1976).

acknowledged that the identities of most of these third parties would be apparent. The court subsequently awarded attorney's fees to CCC.

On appeal, DOJ challenges the district court's order to disclose documents 1 and 10. It also claims a reversal with regard to the disclosure order would require the award of attorney's fees to be set aside.

## II. DISCUSSION

The purpose of FOIA is to encourage public disclosure of information so citizens may understand what their government is doing. Accordingly, the records at issue in this appeal are presumed to be subject to disclosure unless DOJ affirmatively establishes that the requested records fall into one of FOIA's exemptions. *Chivilis v. SEC*, 673 F.2d 1205, 1210–11 (11th Cir. 1982).

The district court decided this case at summary judgment, so appellate review is *de novo*. *Times Pub. Co. v. U.S. Dep't of Commerce*, 236 F.3d 1286, 1288 n.1 (11th Cir. 2001). While factual findings would ordinarily be reviewed for clear error, *see Chivilis*, 673 F.2d at 1210, the issues in this appeal are limited to the legal application of FOIA exemption 6, so the *Chivilis* clear error standard does not apply. *See Cochran v. United States*, 770 F.2d 949, 955–56 n.8 (11th Cir. 1985) ("Since the facts of the case are undisputed and the only issue is the proper balance under FOIA

exemption six, the 'clearly erroneous' standard employed in *Chivilis* . . . is inappropriate.").

Exemption 6 excludes from FOIA requests "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 6 applies broadly to "detailed Government records on an individual which can be identified as applying to that individual." *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602, 102 S. Ct. 1957, 1961 (1982) (internal quotations omitted).[4] According to the Supreme Court, "the text of the exemption requires the Court to balance the individual's right of privacy against the basic policy of opening agency action to the light of public scrutiny." *United States Dept' of State v. Ray*, 502 U.S. 164, 175, 112 S. Ct. 541, 548 (1991) (internal quotations omitted). The privacy interest protected by exemption 6 includes an individual's interest in avoiding disclosure of personal matters. *United States Dep't of Justice v. Reporters Committee for Freedom of Press*, 489 U.S. 749, 762, 109 S. Ct. 1468, 1476 (1989).[5] The relevant public interest to be

_____

[4]CCC does not argue that documents 1 and 10 do not fall within the broad category of "personnel and medical files and similar files."

[5]*Reporters Committee* was a case interpreting FOIA exemption 7(C). *See Reporters Committee*, 489 U.S. at 762, 109 S. Ct. at 1476. Exemption 7(C) contains a privacy component similar to that of exemption 6. *See* 5 U.S.C. § 552(b)(7)(C). Cases examining exemption 7(C) therefore provide guidance for identifying the relevant public and private interests in the exemption 6 context. *See United States Dep't of Defense v. F.L.R.A.*, 510 U.S. 487, 496 n.6, 114

balanced against the private interests at stake is the core purpose of FOIA: "to open agency action to the light of public scrutiny." *Reporters Committee*, 489 U.S. at 772, 109 S. Ct. at 1481 (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 372, 96 S. Ct. 1592, 1604 (1976)). Any peculiar interest of the requesting party is irrelevant to evaluating this general public interest. *See John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 110 S. Ct. 471 (1989).

This case is closely analogous to *Kimberlin v. Dep't of Justice*, 139 F.3d 944 (D.C. Cir. 1998). In *Kimberlin*, Assistant United States Attorney John Thar released confidential information derived from a Drug Enforcement Agency investigation of then-Senator Dan Quayle. Like Cox, Thar was investigated by OPR and eventually sanctioned by DOJ. Subsequently, Kimberlin sought disclosure pursuant to FOIA of all documents related to the OPR investigation of Thar. The D.C. Circuit concluded

> Here the OPR has investigated a staff-level government lawyer in connection with the possibly unauthorized and perhaps illegal release of information to the press. Under these circumstances, we have no doubt that disclosure of the OPR investigative file would occasion an invasion of Thar's privacy disproportionate to, and therefore "unwarranted" by, such insight as the public would gain into "what the Government is up to."

---

S. Ct. 1006, 1013 n.6 (1994) (*DoD*).

*Id.* at 949 (quoting *Reporters Committee*, 489 U.S. at 750, 109 S. Ct. at 1470). The

D.C. Circuit therefore held the documents to be exempt under FOIA.[6]

We reach a similar conclusion with our balancing analysis in this case. The

fact that Cox was a public official, like Thar, does not render her interest in

preserving her personal privacy without weight. "[T]he fact that an event is not

wholly 'private' does not mean that an individual has no interests in limiting

disclosure or dissemination of the information." *Reporters Committee*, 489 U.S. at

770, 109 S. Ct. at 1490 (internal quotations and citation omitted). As DOJ explained

at oral argument, and as is apparent from our own review, documents 1 and 10 reveal

Cox's candid disclosure of her private thoughts and feelings concerning her

misconduct in *Sterba* and its effect on her, her family, and her career. Her public

office of Assistant United States Attorney does not enervate her privacy interest in

those disclosures.

Against this important private interest, the public interest at stake in this case

must be evaluated in light of all that is already known about DOJ's disciplinary

---

[6]*Kimberlin* was decided under exemption 7(C), which is broader than exemption 6. *See DoD*, 510 U.S. at 496 n.6, 114 S. Ct. at 1013 n.6 ("Exemption 7(C) is more protective of privacy than Exemption 6: The former provision applies to any disclosure that 'could reasonably be expected to constitute' an invasion of privacy that is 'unwarranted,' while the latter bars any disclosure that 'would constitute' an invasion of privacy that is 'clearly unwarranted.'"). After examining documents 1 and 10, we are satisfied that the higher standard of exemption 6 has been met. Cox's privacy interests in those documents are such that their disclosure would constitute a clearly unwarranted invasion of her privacy.

procedures and its discipline of Cox. *See Ray*, 502 U.S. at 179, 112 S. Ct. at 549 (finding the public interest in disclosure to have been adequately served by redacted documents that had already been released). There is already substantial information available to the public about Cox's misconduct and her subsequent sanctions. *See generally Sterba*, 22 F. Supp. 2d 1333; *Florida Bar*, 794 So. 2d 1278; Report of Referee, Supreme Court of Florida, *Florida Bar v. Cox*, No. 96,217 (Jan. 13, 2000). The public interest in knowing how DOJ responded to Cox's misconduct can be satisfied by this other public information. More importantly, Cox's personal reflections on her misconduct and its effects on her life have not been publicized and are not relevant to the public interest in knowing what the government is doing. As in *Kimberlin*, the disclosure of the materials in documents 1 and 10 would constitute an invasion of Cox's privacy that is excessively disproportionate to the public interest at stake and is therefore clearly unwarranted. Documents 1 and 10 are therefore exempt from disclosure under FOIA exemption 6.

In addition, we hold the third parties identified in documents 1 and 10 themselves have privacy interests that must be balanced against the public interest in disclosure. *See Perlman v. United States Dep't of Justice*, 312 F.3d 100, 106 (2d Cir. 2002) (recognizing privacy interests of third parties can outweigh the public's interest in disclosure). The roles of these third parties in the events surrounding Cox's

9

misconduct and her subsequent sanction are already well enough known for the public interest in disclosure to have been satisfied. These third parties retain their privacy interests in the information about them contained in documents 1 and 10, and disclosure of that information would be a clearly unwarranted invasion of their privacy. The privacy interests of these third parties therefore present an independently sufficient basis for finding documents 1 and 10 exempt under FOIA exemption 6.[7]

FOIA also provides for an award of attorney's fees and costs "in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Finding that CCC had substantially prevailed, the district court awarded attorney's fees and costs to CCC. Because we reverse the district court with respect to the application of FOIA exemption 6 to documents 1 and 10, we remand this case for the district court to reconsider its award of attorney's fees and costs. We express no opinion as to whether or in what amount fees and costs should again be awarded to CCC.

REVERSED AND REMANDED.

---

[7]Both documents 1 and 10 may be withheld on the basis of FOIA exemption 6. We therefore do not reach DOJ's argument that document 1 only is exempt under FOIA exemption 5.