[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————

No. 04-16741

————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 13, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-22706 CV-DLG

KEVIN HARDISON,

                                        Plaintiff-Appellee,

                    versus

SECRETARY OF VETERANS AFFAIRS,
Jim Nicholson, as Secretary,
Department of Veterans Affairs,

                                        Defendant-Appellant.

————————

Appeal from the United States District Court
for the Southern District of Florida

————————

**(December 13, 2005)**

Before DUBINA and KRAVITCH, Circuit Judges, and STROM*, District Judge.

_____
*Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by
designation.

PER CURIAM:

In this appeal, the Secretary of the Department of Veterans Affairs appeals the district court's grant of summary judgment requiring the Secretary to disclose certain documents, or portions thereof, to appellee Kevin Hardison pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a). For the reasons that follow, we reverse the district court's grant of summary judgment.

We review a district court's grant of summary judgment in a FOIA case *de novo*. *Office of the Capital Collateral Counsel, N. Region of Fla. v. Dep't of Justice*, 331 F.3d 799, 802 (11th Cir. 2003).

The FOIA exemption at issue in this appeal, Exemption 6, excludes from FOIA requests "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

After reviewing the record, reading the parties' briefs and having the benefit of oral argument, we conclude that the district court erred in finding that the following personal information was not protected under Exemption 6:

(1) the dates of birth, dates of marriages, and spouses' names;

(2) the residents' performance evaluations;

(3) the residents' identities, which are included in the activity log and log summaries; and

(4) the individuals' professional background and biographical information unrelated to documenting an individual's credentials for federal employment.

Accordingly, we reverse the district court's grant of summary judgment in favor of Hardison insofar as it requires the disclosure of information not already released to him by the VA and remand this case with directions that judgment be entered in accordance with this decision.

**REVERSED and REMANDED.**