[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 10, 2009
THOMAS K. KAHN
CLERK

No. 09-12223
Non-Argument Calendar
_____

D. C. Docket No. 08-61534-CV-KAM

LUDA PAVLENKO,

Plaintiff-Appellant,

versus

DEPARTMENT OF THE TREASURY INTERNAL
REVENUE SERVICE,
Cincinnati Submission Processing Center,
IRS , COVINGTON DISCLOSURE OFFICE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 10, 2009)

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Luda Pavlenko appeals the dismissal of her complaint under the Freedom of Information Act for lack of subject matter jurisdiction. 5 U.S.C. § 552. Pavlenko argues that the search by the Internal Revenue Service for the records she requested was inadequate and the Service withheld records in violation of the Act. We affirm.

When a complaint is dismissed for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions de novo. Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009). When there is a factual attack to subject matter jurisdiction, "the trial court is free to weigh the evidence . . . [with] no presumptive truthfulness attach[ing] to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue." Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003).

The purpose of the Act "'is to encourage public disclosure of information so citizens may understand what their government is doing.'" Miccosukee Tribe of Indians of Fla. v. United States, 516 F.3d 1235, 1244 (11th Cir. 2008) (quoting Office of Capital Collateral Counsel, N. Region of Fla. v. U.S. Dep't of Justice, 331 F.3d 799, 802 (11th Cir. 2003)). The Act requires that "each [federal] agency,

upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make those records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). "In responding . . . to a request for records, an agency shall make reasonable efforts to search for the records in electronic form or format, except when such efforts would significantly interfere with the operation of the agency's automated information systems." 5 U.S.C. § 552(a)(3)(C). Under the Act "'search' means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request." 5 U.S.C. § 552(a)(3)(D).

A plaintiff may bring a private cause of action in a district court upon a showing that a federal agency has withheld its records in violation of the Act. 5 U.S.C. § 552(a)(4)(B). The district court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." Id. "Under this provision, federal jurisdiction is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records." U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142, 109 S. Ct. 2841, 2846 (1989) (internal quotation marks omitted).

"The burden is on the agency to demonstrate, not the requester to disprove,

3

that the materials sought are not 'agency records' or have not been 'improperly withheld.'" Id. at 142 n.3, 109 S. Ct. at 2847 n.3. "The adequacy of an agency's search for documents requested under [the Act] is judged by a reasonableness standard." Ray v. U.S. Dep't of Justice, 908 F.2d 1549, 1558 (11th Cir. 1990), rev'd on other grounds sub nom. U.S. Dep't of State v. Ray, 502 U.S. 164, 112 S. Ct. 541 (1991). "Under this standard, the agency need not show that its search was exhaustive. Rather, the agency must show beyond material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents." Id. (internal quotation marks omitted). The agency's burden can be met through the production of "affidavits of responsible officials . . . [that] are relatively detailed, nonconclusory, and submitted in good faith." Id. at 1558 (internal quotation marks omitted). "If the government agency meets its burden of proving that its search was reasonable, then the burden shifts to the requester to rebut the agency's evidence by showing that the search was not reasonable or was not conducted in good faith." Id.

The Service met its burden of establishing that its search for the records requested by Pavlenko was reasonable, and Pavlenko failed to prove that the Service withheld the requested records in violation of the Act. The district court was entitled to credit the declaration of Darlene Broomall who conducted a search

4

reasonably calculated to uncover the requested documents. Broomall's declaration established that the Service did not have the records sought by Pavlenko who responded with unsubstantiated and speculative arguments. The district court did not err when it dismissed Pavlenko's complaint for lack of subject matter jurisdiction.

**AFFIRMED.**

5