[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15380
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-00045-DHB-BKE


MICHAEL TAYLOR,

Plaintiff-Appellant,

versus

NATIONAL SECURITY AGENCY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 29, 2015)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Michael Taylor, proceeding pro se, appeals the district judge's granting summary judgment to the National Security Agency ("NSA") in his action brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act").  He also appeals denial of his motions for temporary restraining orders.  We affirm in part and dismiss in part.

## I.    BACKGROUND

A.    <u>Taylor's Document Requests to the NSA</u>

Under FOIA and the Privacy Act, Taylor wrote a letter to the NSA and requested any and all records about him maintained by the NSA.  He also requested (1) applications for orders authorizing or approving interception of his communications and documents related to those applications, (2) applications for orders authorizing the NSA to read his mind, (3) orders authorizing the NSA to intercept his communications or thoughts, and documents related to such orders, and (4) documents identifying all other agencies that have requested surveillance of him.

The NSA issued a letter denying his request and explained a search of its most comprehensive filing systems, including information concerning applicants, personnel, security, medical, and training records, showed Taylor never had been affiliated with the NSA, which had no records relating to him.  Regarding Taylor's FOIA request, the NSA responded it could neither confirm nor deny the existence

of intelligence records responsive to his request, because that information was classified by executive order and exempt from disclosure under the FOIA.[1]

Taylor administratively appealed the NSA's denial; the NSA affirmed the denial of his request. In the letter affirming the denial, the NSA specifically affirmed the Glomar response with reference to Taylor's request for intelligence documents.

B.    District Court Proceedings

In his amended complaint in federal district court, Taylor sought relief, based on denial of his FOIA and Privacy Act requests by the NSA, and moved the district judge to compel the NSA to produce non-secret portions of the requested documents. Taylor also filed a motion for a temporary restraining order, in which he claimed unidentified NSA personnel had committed various hostile and lascivious acts against him since 2003. Specifically, he maintained NSA personnel had threatened to kill him, insulted him, used racial epithets toward him, and engaged in various nonconsensual sex acts with him via virtual reality. He requested a temporary restraining order, enjoining the NSA and its personnel from having further contact with him or engaging in the conduct he had described in his motion. The district judge denied Taylor's motion for a temporary restraining

---

[1] A response that neither confirms nor denies the existence of documents sought in a FOIA request is known as a "Glomar response." *Office of Capital Collateral Counsel, N. Region of Fla. ex rel. Mordenti v. Dep't of Justice*, 331 F.3d 799, 801 n.3 (11th Cir. 2003). "The term has its origin in a case involving a FOIA request for information on the *GLOMAR EXPLORER* submarine-retrieval ship." *Id.* (citing *Phillippi v. CIA*, 546 F.2d 1009 (D.C. Cir. 1976)).

order and noted his allegations "reek[ed] of implausibility," and he had failed to show a substantial likelihood of success on the merits in his underlying action. R. at 195.

The NSA moved for summary judgment. In support of its motion, the NSA attached a declaration by David Sherman, its Associate Director of Policy and Records. Sherman stated the NSA had conducted reasonable searches to locate records in its various Privacy Act records systems but had found nothing relating to Taylor. Concerning Taylor's FOIA request, Sherman explained public disclosure of the NSA's capability to collect specific communications or the substance of any specific communications could gravely threaten national security. The district judge granted summary judgment to the NSA regarding Taylor's FOIA claims. The judge denied summary judgment to the NSA on the Privacy Act claims but found the NSA's conclusory assertions concerning its records search and Taylor's lack of affiliation with the NSA to be insufficient.

Taylor then filed a second motion for a temporary restraining order and reasserted many of the allegations from his first motion. He added the NSA had the capability to orchestrate his dreams and had caused him to dream he was sexually assaulted. The district judge again denied Taylor's motion for a temporary restraining order and reiterated his allegations were implausible.

4

Meanwhile, the NSA again moved for summary judgment on Taylor's Privacy Act claim. With a second declaration from Sherman, it explained the methods and databases used to investigate Taylor's Privacy Act request. Sherman also stated the NSA's Glomar response was proper because confirming or denying the existence of responsive intelligence information would reveal properly classified information and potentially threaten national security.

The district judge granted summary judgment to the NSA for Taylor's Privacy Act claim and explained Sherman's declaration (1) had provided reasonably specific information concerning the NSA's records search for nonintelligence materials relating to Taylor, (2) was uncontroverted, and (3) showed the exemption under § 552a(k)(1)[2] to disclosure applied to Taylor's Privacy Act request for any intelligence documents. After the district judge issued summary judgment to the NSA, Taylor timely filed his notice of appeal.

## II.    DISCUSSION

A.    Glomar Response

On appeal, Taylor argues the NSA may not use § 552a(k)(1) of the Privacy Act to justify issuing a Glomar response and refusing to disclose non-secret portions of classified documents. We review de novo a district judge's granting

---

[2] Section 552a(k)(1) of the Privacy Act incorporates § 552(b)(1) ("Exemption 1") from the FOIA, which exempts from disclosure documents, where (1) an executive order establishes criteria for keeping them secret, and (2) they are properly so classified pursuant to that order. 5 U.S.C. §§ 552a(k)(1), 552(b)(1).

summary judgment. *Times Publ'g Co. v. U.S. Dep't of Commerce*, 236 F.3d 1286, 1288 n.1 (11th Cir. 2001). Summary judgment is appropriate, where the movant shows there is no genuine dispute as to any material fact, and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). We construe pro se briefs liberally, but pro se litigants nonetheless must conform to procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). A pro se litigant abandons arguments he does not discuss in his initial brief. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

"The Privacy Act governs the government's collection and dissemination of information and maintenance of its records and generally allows individuals to gain access to government records on them and to request correction of inaccurate records." *Perry v. Bureau of Prisons*, 371 F.3d 1304, 1304 (11th Cir. 2004) (citation, internal quotation marks and alteration omitted). The Privacy Act provides each agency that maintains a system of records shall

> upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him.

5 U.S.C. § 552a(d)(1). The FOIA, which requires the government to disclose documents under certain circumstances, contains nine exemptions from disclosure. *See* 5 U.S.C. § 552(a)-(b); *see also CIA v. Sims*, 471 U.S. 159, 166-67, 105 S. Ct.

6

1881, 1886 (1985). Generally, an agency may not rely on the FOIA disclosure exemptions "to withhold from an individual any record which is otherwise accessible to such individual under the provisions of [§ 552a]." 5 U.S.C. § 552a(t)(1). Nevertheless, the Privacy Act expressly incorporates Exemption 1 of the FOIA, under which an agency may withhold records "(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) [which] are in fact properly classified pursuant to such Executive order." *Id.* §§ 552a(k)(1), 552(b)(1).

When a government agency issues a Glomar response, it must "'provide a public affidavit explaining in as much detail as is possible the basis for its claim that it can be required neither to confirm nor deny the existence of the requested records.'" *Ely v. FBI*, 781 F.2d 1487, 1493 (11th Cir. 1986) (quoting *Phillippi*, 546 F.2d at 1013). Then, the government agency's arguments are subject to "testing by [the requestor]," who may seek appropriate discovery if necessary to clarify the agency's position. *Id.* (quoting *Phillippi v. CIA*, 546 F.2d 1009, 1013 (D.C. Cir. 1976)).

As an initial matter, Taylor's argument on appeal relates only to the district judge's final summary judgment order, regarding the application of Exemption 1 of the FOIA to Taylor's Privacy Act claims, not the partial summary judgment order. Because Taylor does not (1) raise any argument the NSA improperly

invoked other FOIA exemptions, (2) reference the partial summary judgment order, or (3) provide meaningful argument concerning the district judge's determination relative to his FOIA, as opposed to his Privacy Act request, he has abandoned those arguments. *See Timson*, 518 F.3d at 874. Regarding his Privacy Act request, Taylor does not contest the NSA's response concerning its search of non-intelligence records relating to him. He also does not challenge the sufficiency of the NSA's justification for invoking Exemption 1; instead, he challenges only whether Exemption 1 can serve as a means to issue a Glomar response to a Privacy Act request.

Contrary to Taylor's contention, neither §§ 552a(k)(1) nor 552(b)(1) suggests the disclosure of redacted documents is required where a government agency invokes Exemption 1, and neither provision suggests a Glomar response is improper, when Exemption 1 applies. *See* 5 U.S.C. §§ 552a(k)(1), 552(b)(1). The District of Columbia Circuit has reasoned persuasively a government agency may issue a Glomar response under Exemption 1. *See Larson v. Dep't of State*, 565 F.3d 857, 861 (D.C. Cir. 2009) (explaining Exemptions 1 and 3[3] of the FOIA "cover not only the content of protected government records but also the fact of their existence or nonexistence"). Notably, per Sherman's declarations, the NSA complied with the case law and prescribed requirements for showing a Glomar

---

[3] Under Exemption 3 of the FOIA, 5 U.S.C. § 552(b)(3), information need not be disclosed if a statute exempts the information from disclosure.

response is warranted.  *See Ely*, 781 F.2d at 1493.  On the facts of this case, we conclude the NSA provided sufficient justification for issuing a Glomar response to Taylor's Privacy Act request.  Therefore, the district judge properly granted summary judgment to the NSA.

B.    Temporary Restraining Orders

Taylor argues the district judge erred in denying his motions for temporary restraining orders and asserts he suffered irreparable injury because of the NSA's alleged misconduct.  The NSA contends the district judge's denials of Taylor's motions for temporary restraining orders were non-final orders, over which we lack jurisdiction.

We generally lack jurisdiction to hear appeals from orders denying temporary restraining orders.  *See Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982) ("It is well established that as a general rule a temporary restraining order is not appealable.").  "TRO rulings, however, are subject to appeal as interlocutory injunction orders if the appellant can disprove the general presumption that no irreparable harm exists." *Ingram v. Ault*, 50 F.3d 898, 899-900 (11th Cir. 1995).  Where a federal government agency is party to a suit, a party may appeal the denial of specified interlocutory orders, including injunctions, within 60 days of the date on which the district judge issues his order denying the injunction.  *See* 28 U.S.C. § 1292(a)(1); Fed. R. App. P. 4(a)(1)(B); *see also Pitney*

*Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1373 (11th Cir. 1983) ("Mestre could have appealed the injunction under 28 U.S.C. § 1292(a)(1) within thirty days of the date it was first entered."). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214, 127 S. Ct. 2360, 2366 (2007).

If Taylor could have appealed the denials of his motions, it would have been under the interlocutory appeal provision of § 1292(a)(1), but he failed to file a notice of appeal within 60 days of the orders he now attempts to appeal. *See* 28 U.S.C. § 1292(a)(1); Fed. R. App. P. 4(a)(1)(B). Because the timely filing of a notice of appeal is a jurisdictional requirement in civil cases, and Taylor failed to file a notice of appeal from the denial of his motions for temporary restraining orders within the 60-day time period, we lack jurisdiction to entertain his appeal from the denials of his motions for temporary restraining orders. *See* 28 U.S.C. § 1292(a)(1); Fed. R. App. P. 4(a)(1)(B); *Bowles*, 551 U.S. at 214, 127 S. Ct. at 2366; *see also Pitney Bowes, Inc.*, 701 F.2d at 1373.

### III.   CONCLUSION

We affirm the district judge's granting summary judgment to the NSA on Taylor's Privacy Act claim. Because we lack jurisdiction to review the district judge's denial of Taylor's motions for temporary restraining orders, we dismiss that portion of his appeal.

**AFFIRMED IN PART, DISMISSED IN PART.**