[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10653
Non-Argument Calendar

_____

D.C. Docket No. 9:18-cv-80366-WPD

JAMES E. SCOTT,

Plaintiff-Appellant,

versus

TREASURY INSPECTOR GENERAL FOR TAX ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 4, 2019)

Before MARCUS, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

James E. Scott, proceeding *pro se*, appeals the district court's summary judgment order dismissing his complaint seeking information under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  Scott filed a complaint with the Treasury Inspector General for Tax Administration alleging that an IRS employee had manipulated and mishandled the issuance of a private letter ruling.  He subsequently filed a request under FOIA, 5 U.S.C. § 552, for all agency records and information related to that complaint.  After the Inspector General withheld some documents in whole or in part—citing 5 U.S.C. § 522(b)(3), (6), (7)(C) ("Exemption 3," "Exemption 6," and "Exemption 7(C)" respectively)—Scott filed suit seeking to compel their release.  The district court dismissed his complaint. After careful review, we affirm.

\* \* \*

We review a district court's grant of summary judgment in a FOIA case de novo, viewing all facts and reasonable inferences in the light most favorable to the non-moving party, and applying the same standard used by the district court. *Office of the Capital Collateral Counsel, N. Region of Fla. v. United States Dep't of Justice*, 331 F.3d 799, 802 (11th Cir. 2003).

Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified.  *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993).  Summary judgment is appropriate if the

pleadings, depositions, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Once the moving party has properly supported its motion for summary judgment, the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 607-08 (11th Cir. 1991).  Mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion.  *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005).  In considering a motion for summary judgment, we "view all evidence most favorably toward the nonmoving party, and all justifiable inferences are to be drawn in the nonmoving party's favor."  *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir. 1990).

\* \* \*

Under FOIA, an agency that receives a request for information that reasonably describes the records sought and is made in accordance with published rules will promptly make the information available to any person.  5 U.S.C. § 552(a)(3).  In creating this broad disclosure requirement, however, Congress exempted nine categories of documents.  5 U.S.C. § 552(b); *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989).  Once a claimant has shown that the government records should be disclosed, the

burden of proof is on the government to establish that one or more exemptions apply. *Miscavige*, 2 F.3d at 367.

In this case, the Inspector General located 39 pages of documents related to Scott's FOIA request. No allegation has been made to this Court that the search was inadequate. The Inspector General withheld 18 pages and released the remaining 21, with partial redactions on 20 pages. He explained that all withheld information is exempt under both Exemptions 6 and 7(C), and that certain documents are also exempt under Exemption 3.

Exemption 6 permits an agency to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The phrase "similar files" has a broad meaning and includes any detailed Government records on an individual that can be identified as applying to that individual. *News-Press v. United States Dep't of Homeland Sec.*, 489 F.3d 1173, 1197 (11th Cir. 2007). Citizens are generally not required to explain why they seek information through FOIA requests. "When disclosure touches upon certain areas," however, such as the privacy concerns of Exemption 6—or Exemption 7(C), for that matter—the requester must show (1) "that the public interest sought to be advanced is a significant one," that is, "an interest more specific than having the information for

4

its own sake," and (2) that "the information is likely to advance that interest." *National Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).

A reviewing court must "balance the individual's right of privacy against the basic policy of opening agency action to the light of public scrutiny." *Capital Collateral Counsel*, 331 F.3d at 802. We have held that the agency's burden under Exemption 6 of showing that disclosure would constitute a clearly unwarranted invasion of personal privacy is an onerous one. *News-Press*, 489 F.3d at 1198.

In weighing this balance, both the magistrate judge and later the district court reviewed the full documents *in camera* and determined that disclosure would result in the "unnecessary disclosure of personal information." *News-Press*, 489 F.3d at 1196 (quoting citation omitted). Here, the withheld information was correctly categorized as "similar files" under Exemption 6 because it contains detailed government records on an individual employee of the IRS. *See id.* at 1197. It contains specifics about the investigation of the employee's alleged misconduct in issuing a private letter ruling as well as the resolution of the complaint. As such, the investigation and resolution would draw significant speculation, stigma, and embarrassment, as well as practical disabilities such as loss of employment independent of the ultimate resolution, thereby clearly giving rise to an unwarranted invasion of privacy. *See Reporters Comm.*, 489 U.S. at 765; *cf. Dep't of the Air Force v. Rose*, 425 U.S. 352, 376-77 (1976) (noting that the

release of a cadet's disciplinary case summary could expose him to lifelong embarrassment, disgrace, and practical disabilities such as loss of employment or friends).

We agree with the district court that, as against this invasion of privacy, the resolution would shed little, if any, light on the Inspector General's performance of his statutory duties—the public interest that Scott argues warrants disclosure. While the agency complaint to the Inspector General raises concerns about the employee's compliance with the IRS manual and the process that resulted in the private letter ruling, Scott fails to allege that such conduct extends beyond this single action but rather seeks to reveal the outcome of an isolated disciplinary action.

Accordingly, the disclosure of the investigation and resolution of an internal complaint of incompetence or failure to properly follow appropriate procedures by a single individual would constitute a clearly unwarranted invasion of that employee's privacy, and disclosure of the isolated incident would shed little light on the agency's statutory duty.  All of the information was therefore properly withheld under Exemption 6, and we needn't consider the independent grounds for withholding under Exemptions 3 and 7.

**AFFIRMED.**